Per Curiam.
 

 This case is before us after previously being remanded by this Court in
 
 People v Babcock,
 
 244 Mich App 64; 624 NW2d 479
 
 (2000)(Babcock I).
 
 The prosecutor appeals by leave granted the judgment of sentence entered by the trial court on remand. We affirm.
 

 I. PROCEDURAL HISTORY
 

 Defendant was charged with one count of first-degree criminal sexual conduct, MCL 750.520b, involving a twelve-year-old female relative. Defendant subsequently pleaded guilty to two counts of second-degree criminal sexual conduct, MCL 750.520c. Defendant was sentenced to three years’ probation, with the first year to be served in jail; however, all but sixty days of defendant’s jail sentence were suspended. The applicable legislative sentencing guidelines provided for a minimum sentence range of thirty-six to seventy-one months. This Court granted the prosecutor’s application for leave to appeal,
 
 *465
 
 which challenged the sentence on the ground that the downward departure from the sentencing guidelines was error because there was a lack of substantial and compelling evidence justifying the departure.
 

 In
 
 Babcock I, supra
 
 at 80, this Court held that “[b]ecause the trial court failed to articulate a substantial and compelling reason for a downward departure, we conclude that it abused its discretion in imposing a sentence outside the guidelines range.” On remand, the trial court sentenced defendant to three years’ probation with the first year to be served in jail. Once again, however, all but sixty days of defendant’s jail sentence were suspended with defendant being given sixty-one days’ credit for time served.
 

 H. APPLICABLE LAW
 

 Under the legislative sentencing guidelines, courts in most instances are required to impose a minimum sentence within the appropriate sentence range pursuant to MCL 769.34(2).
 
 [1]
 

 Babcock I, supra
 
 at 72. MCL 769.34(3) provides the following exception:
 

 A court may depart from the appropriate sentence range established under the sentencing guidelines ... if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure. All of the following apply to a departure:
 

 
 *466
 
 (a) The court shall not use an individual’s gender, race, ethnicity, alienage, national origin, legal occupation, lack of employment, representation by appointed legal counsel, representation by retained legal counsel, appearance in propria persona, or religion to depart from the appropriate sentence range.
 

 (b) The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight.
 

 The
 
 Babcock I
 
 panel noted that MCL 769.34(H)
 
 [2]
 
 requires this Court to vacate and remand for resentencing where there are not substantial and compelling reasons for a guidelines departure.
 
 Babcock I, supra
 
 at 73-74. In defining what constituted “substantial and compelling reasons,” this Court applied the language from
 
 People v Fields,
 
 448 Mich 58; 528 NW2d 176 (1995), wherein our Supreme Court defined identical language found in the controlled substances act.
 
 Babcock I, supra
 
 at 74-75. The
 
 Babcock I
 
 panel, relying on
 
 Fields, supra
 
 at 67-68, stated that substantial and compelling reasons exist only in exceptional cases and that the reasons justifying departure should keenly or irresistibly grab the court’s attention and be recognized as having consid
 
 *467
 
 erable worth in detemiining the length of a sentence.
 
 Babcock I, supra
 
 at 75.
 

 In
 
 Babcock I, id.,
 
 this Court, again relying on
 
 Fields, supra
 
 at 69-70, stated that the factors relied on by a court in determining whether there are substantial and compelling reasons for departure must be objective and verifiable.
 

 “ ‘[T]he existence or nonexistence of a particular factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error.’ ”
 
 Babcock I, supra
 
 at 75-76, quoting
 
 Fields, supra
 
 at 77. “ ‘The determination that a particular factor is objective and verifiable should be reviewed by the appellate court as a matter of law.’ ”
 
 Babcock I, supra
 
 at 76, quoting
 
 Fields, supra
 
 at 77-78. “ ‘A trial court’s determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons to depart from the statutory minimum sentence shall be reviewed for abuse of discretion.’ ”
 
 Babcock I, supra
 
 at 76, quoting
 
 Fields, supra
 
 at 78.
 
 [3]
 

 
 *468
 
 We note that since this Court’s decision in
 
 Babcock I,
 
 our Supreme Court in
 
 People v Hegwood,
 
 465 Mich 432, 437, n 10; 636 NW2d 127 (2001), partially modified
 
 Babcock I,
 
 by stating:
 

 The Court of Appeals indicated in
 
 Babcock
 
 that the principle of proportionality is not part of the legislative guidelines, and that there will be no appellate review of sentence length in cases in which there is a substantial and compelling reason to depart from the recommended minimum stated in the legislative guidelines. 244 Mich App 77-78. In this regard, however, we observe that the statute provides, “A court may depart from the appropriate sentence range established under the [guidelines] if the court has a substantial and compelling reason for
 
 that
 
 departure . . . .” (Emphasis supplied.) MCL 769.34(3). In light of such language, we do not believe that the Legislature intended, in every case in which a minimal upward or downward departure is justified by “substantial and compelling” circumstances, to allow unreviewable discretion to depart as far below or as far above the guideline range as the sentencing court chooses. Rather, the “substantial and compelling” circumstances articulated by the court must justify the
 
 particular
 
 departure in a case, i.e., “that departure.” [Emphasis, omission, and alteration in original.]
 

 The language in
 
 Hegwood
 
 indicates that there can be varying degrees of substantial and compelling circumstances that must be considered in reviewing the extent of a departure. In other words, if there are substantial and compelling reasons to slightly depart from the guidelines, e.g., a six-month departure, those same reasons may not be sufficient to support a more significant departure, e.g., a three-year departure. Moreover,
 
 Hegwood
 
 indicates that the principle of
 
 *469
 
 proportionality can be considered concerning the extent of a departure.
 

 HI. HOLDING IN
 
 BABCOCK I
 

 The
 
 Babcock I
 
 panel reviewed the reasons given by the trial court for departing downward, and it first rejected the court’s reliance on defendant’s lack of a criminal record because, although objective and verifiable, that factor was already considered in scoring the prior record variables.
 
 Babcock I, supra
 
 at 79. This Court also rejected the trial court’s statement that the crime involved a family situation that might not happen again, because, although objective and verifiable with regard to the existence of a family situation, the factor was considered in the offense variables regarding family victimization for purposes of enhancing rather than reducing the sentence range.
 
 Id.
 
 The
 
 Babcock I
 
 panel also noted that the trial court stated that defendant “ ‘still didn’t fully appreciate what he’s done.’ ”
 
 Id.
 
 This Court concluded that the trial court failed to articulate a substantial and compelling reason for a downward departure and therefore abused its discretion.
 
 Id.
 
 at 80. The trial court was instructed to impose on remand “any minimum sentence within the appropriate guidelines range or to depart from that range if there is a substantial and compelling reason to do so.”
 
 Id.
 

 IV. THE TRIAL COURT’S REASONING FOR DEPARTURE ON REMAND
 

 The trial court once again departed from the legislative guidelines, as indicated above; however, the court cited additional reasons for the departure on remand. The trial court believed that defendant and society would be better served if defendant were
 
 *470
 
 treated outside prison. Further, defendant’s probation agent, who is in charge of all Jackson County sex offenders, believed that defendant had made good progress during the past eighteen months of probation, including progress in sex offender therapy, which progress might be halted should defendant be sent to jail or prison. The probation agent indicated that defendant had complied with his probation requirements, and the agent opined that defendant was amenable to treatment. The agent further recommended deviation from the guidelines and that defendant do no more jail time.
 

 The trial court also relied on an affidavit prepared by defendant’s attorney, which indicated that this was an unusual case and that more harm than good would come from further incarceration of defendant. Additionally, the trial court relied on correspondence from defendant’s brother’s special education teacher, which indicated that defendant’s brother was seriously impaired with cerebral palsy and mental retardation and that defendant assisted in his brother’s care.
 
 [4]
 
 The teacher’s correspondence was considered by the court in conjunction with correspondence from an attorney who was handling probate guardianship matters for defendant’s brother. The probate attorney explained defendant’s role in the care of his brother and the hardship that would result to defendant’s mother and family should defendant be removed from the home. Finally, the trial court considered corre
 
 *471
 
 spondence from defendant’s doctor that defendant had a herniated disc.
 

 V. ANALYSIS AND CONCLUSION
 

 Some of the factors cited by the trial court are not objective and verifiable, and we will not consider them in our analysis. Specifically, the court’s belief that defendant and society would be better served if defendant is treated outside prison is neither objective nor verifiable. Further, the affidavit of defendant’s attorney is neither objective nor verifiable.
 

 However, there are factors relied on by the trial court that were objective and verifiable. Those factors included defendant’s compliance with his probation requirements, including sex offender therapy,
 
 [5]
 
 defendant’s herniated disc, and the fact that defendant is involved in providing care to his impaired brother. The prosecutor does not challenge the existence of these facts. Additionally, these factors constitute nondiscriminatory reasons not considered by the guidelines. MCL 769.34(3)(a) and (b).
 

 Although we believe that it is debatable whether the objective and verifiable factors relied on by the trial court constitute substantial and compelling reasons justifying a downward departure from the guidelines range, we cannot conclude that the trial court’s decision based on those factors was so palpably and grossly violative of fact and logic that it indicates not the exercise of will but perversity of will.
 
 Babcock I, supra
 
 at 76. Therefore, the trial court did not abuse its discretion in departing downward from the mini
 
 *472
 
 mum guidelines range. Moreover, for the same reason, we do not believe that the trial court abused its discretion with regard to the extent of the downward departure.
 

 Affirmed.
 

 [1]
 

 MCL 769.34(2) provides, in part, as follows:
 

 Except as otherwise provided in this subsection or for a departure from the appropriate minimum sentence range provided for under subsection (3), the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVH committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed.
 

 [2]
 

 MCL 769.34(11) provides that
 

 [i]f, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter.
 

 [3]
 

 We question the
 
 Babcock I
 
 holding regarding the abuse of discretion standard of review in light of the language in MCL 769.34(11), which appears to suggest that our review is de novo. See n 2. However, we are compelled by MCR 7.215(I)(1) to follow the rule of law established in
 
 Babcock I.
 
 Additionally, we are bound by
 
 Babcock I
 
 under the law of the case doctrine because there has been no intervening change of law.
 
 Ashker v Ford Motor Co,
 
 245 Mich App 9, 13; 627 NW2d 1 (2001). We do note, however, that the controlled substance act, and particularly MCL 333.7401(4), which the
 
 Fields
 
 Court interpreted, and on which the
 
 Babcock I
 
 panel relied for guidance, does not contain a provision such as that found in MCL 769.34(11). As our Supreme Court noted in
 
 People v Hegwood,
 
 465 Mich 432, 439; 636 NW2d 127 (2001), the legislative guidelines have provided new ground rules that may make inapplicable prior controlling law. Therefore, we question the application of
 
 Fields
 
 with regard to the abuse of discretion standard of review on the bases that
 
 Fields
 
 predates the legislative guidelines and MCL 769.34(11) envisions a different standard of review. This issue has not been raised or briefed by
 
 *468
 
 the parties, and for the reasons stated we are deciding this issue on appeal under an abuse of discretion standard.
 

 [4]
 

 The special education teacher, who was also involved in coordinating medical care for defendant’s brother, stated that defendant provides hands-on care for his brother, “including transfers, bathing, [tubejfeeding, and medical administration.’’ The teacher also noted that defendant’s and his brother’s mother is an insulin-dependent diabetic with many health problems that limit her ability to care for defendant’s brother.
 

 [5]
 

 We do note that the probation agent’s assertion that defendant is amenable to treatment is neither objective nor verifiable.