Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 31, 2003

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                   No.  121310

GERALD LEE BABCOCK,

Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted leave to appeal in this case to consider whether the trial court articulated a substantial and compelling reason, as required under MCL 769.34(3), to justify its downward departure from the statutory sentencing guidelines.  The Court of Appeals concluded that the trial court did not abuse its discretion in departing from the guidelines and, thus, affirmed defendant's sentence.  The Court of Appeals concluded that some of the trial court's

reasons for departing from the statutory sentencing guidelines were not objective and verifiable and, therefore, not substantial and compelling. Because the Court of Appeals did not determine whether the trial court would have departed, and would have departed to the same degree, had it not relied on these improper factors, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for further consideration pursuant to this opinion.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to two counts of second-degree criminal sexual conduct and, in exchange, the prosecutor dismissed the single original charge of first-degree criminal sexual conduct. Although the statutory sentencing guidelines called for a minimum range of thirty-six to seventy-one months, the trial court sentenced defendant to three years' probation and one year in jail; however, all but sixty days of defendant's jail term were suspended. The trial court's reasons for departing from the guidelines consisted of the following: (1) defendant had no prior criminal record, (2) the crime involved a family member, (3) a three-year minimum was too "harsh," and (4) treatment outside a prison environment was more likely to rehabilitate defendant. In a published decision (*Babcock I*), the Court of Appeals vacated defendant's sentence, having concluded that the trial court's reasons for

2

the departure were not substantial and compelling.[1]

On remand, the trial court again sentenced defendant to probation and a suspended jail term. The trial court articulated additional reasons for the downward departure, including the following: (1) the probation officer recommended probation, rather than a prison term; (2) defendant's trial counsel, in an affidavit, recommended against a prison term; (3) a great portion of the victim's emotional harm was caused by defendant's uncle who abused her and from separation from defendant's grandmother; (4) letters from defendant's brother's special-education teacher and attorney indicated that defendant's brother is severely disabled because of cerebral palsy and mental retardation and that defendant is his brother's primary caregiver; (5) a letter from defendant's physician indicated that defendant suffers from herniated discs; and, finally, (6) the fact that defendant's uncle, who has a normal intelligence level, played a much greater role in harming the victim than did defendant, who has a "borderline-to-normal" intelligence level. After remand, in a published decision (*Babcock II*), the Court of Appeals affirmed the sentence, having concluded that, although some factors cited by the trial court were not objective and verifiable, the trial court did not abuse its discretion in departing from the

---

[1] 244 Mich App 64; 624 NW2d 479 (2000).

3

guidelines.[2]  We granted the prosecutor's application for leave to appeal.[3]

## II.  STANDARD OF REVIEW

This case presents an issue of statutory interpretation, i.e., the interpretation of the statutory sentencing guidelines, MCL 769.34, which we review de novo.  *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002).

## III.  ANALYSIS

### A.  HISTORY OF SENTENCING GUIDELINES

In 1983, this Court concluded that an appellate court has the authority to review a trial court's exercise of discretion in sentencing.  *People v Coles*, 417 Mich 523, 550; 339 NW2d 440 (1983).  At the time *Coles* was decided, there were no sentencing guidelines; instead, there were merely statutory minimums and maximums for certain offenses, and a trial court could sentence a convicted person to any period within this statutory range.[4]  In *Coles*, this Court concluded that the

---

[2] 250 Mich App 463; 648 NW2d 221 (2002).

[3] 467 Mich 872 (2002).

[4] At the time, there were also, as there continue to be, mandatory sentences for certain offenses.  For example, a first-degree murder conviction mandates a sentence of imprisonment for life, MCL 750.316, and a conviction for possession of a firearm during the commission of a felony mandates a sentence of imprisonment for two years, MCL 750.227b.  Neither the judicial nor the statutory sentencing guidelines would supersede a mandatory sentence.

4

appellate court could review a trial court's selection of a sentence within the statutory minimum and maximum; however, the appellate court could "afford relief to the defendant only if the appellate court finds that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court." *Id*.

In 1983, this Court crafted judicial sentencing guidelines and promulgated these guidelines by administrative order.[5] As this Court explained in *People v Hegwood*, 465 Mich 432, 438; 636 NW2d 127 (2001):

> This Court's sentencing guidelines were "mandatory" only in the sense that the sentencing court was obliged to follow the procedure of "scoring" a case on the basis of the circumstances of the offense and the offender, and articulate the basis for any departure from the recommended sentence range yielded by this scoring. However, because the recommended ranges found in the judicial guidelines were not the product of legislative action, a sentencing judge was not necessarily obliged to impose a sentence within those ranges.

In 1990, this Court overruled the *Coles* "shocks the conscience" test and adopted in its place the "principle of proportionality" test, "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). More specifically, the Court stated that "the Legislature, in

---

[5] Administrative Order No. 1983-3, 417 Mich cxxi (1983).

5

setting a range of allowable punishments for a single felony, intended persons whose conduct is more harmful and who have more serious prior criminal records to receive greater punishment than those whose criminal behavior and prior record are less threatening to society." *Id*. at 651.

In 1998, the Legislature enacted statutory sentencing guidelines, MCL 777.1 *et seq*.[6] As this Court in *Hegwood, supra* at 439, explained:

> Because the new guidelines are the product of legislative enactment, a judge's discretion to depart from the range stated in the legislative guidelines is limited to those circumstances in which such a departure is allowed by the Legislature.

Under the statutory sentencing guidelines, a departure is only allowed by the Legislature if there is a "substantial and compelling reason" for doing so.[7]    MCL 769.34(3).[8]

---

[6] The statutory sentencing guidelines are applicable to enumerated felonies committed on or after January 1, 1999. MCL 769.34(2).

[7] It is only the minimum sentence that must presumptively be within the appropriate sentence range. MCL 769.34(2). The maximum sentence is either set by statute, e.g., the maximum sentence for extortion is twenty years, MCL 750.213, or it falls within the judge's discretion. In exercising this judicial discretion, the trial court cannot impose a minimum sentence that exceeds two-thirds of the maximum sentence. *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972); MCL 769.34(2)(b).

[8] As explained in *Hegwood, supra* at 440 n 16: "In MCL 769.34(3), the Legislature states a rule that makes no apparent distinctions between 'upward departures,' that increase the sentence beyond the length stated in the guidelines, and 'downward departures,' that decrease the

6

Accordingly, since the enactment of the statutory sentencing guidelines, the role of the trial court has necessarily been altered. Before the enactment of these guidelines, the trial court was required to choose a sentence within the statutory minimum and maximum that was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn, supra* at 636. Following the enactment of these guidelines, the trial court is required to choose a sentence within the guidelines range, unless there is a "substantial and compelling" reason for departing from this range.[9] Consequently, and as discussed more fully below, the role of the Court of Appeals has also changed from reviewing the trial court's sentencing decision for "proportionality" to

_____

sentence below the length stated in the guidelines."

[9] In at least one circumstance, a sentence may constitute a departure, and thus require the articulation of a substantial and compelling reason, even though the sentence is within the appropriate sentence range. *People v Stauffer*, 465 Mich 633, 636; 640 NW2d 869 (2002). MCL 769.34(4)(a) provides:

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections . . . .

Accordingly, if the upper limit of the appropriate sentence range is less than eighteen months, the sentencing court cannot impose a prison sentence absent a finding of a substantial and compelling reason.

7

reviewing the trial court's sentencing decision to determine, first, whether it is within the appropriate guidelines range and, second, if it is not, whether the trial court has articulated a "substantial and compelling" reason for departing from such range.[10]

### B. "SUBSTANTIAL AND COMPELLING REASON"

The statutory sentencing guidelines, provide in pertinent part:

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure. [MCL 769.34(3).]

In *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995), this Court defined "substantial and compelling reasons" in the context of departures from mandatory minimum sentences in controlled-substance cases.[11] This Court stated that "only those factors that are objective and verifiable may be used to judge whether substantial and compelling reasons exist

---

[10] This is not to say, however, that proportionality is irrelevant under the statutory sentencing guidelines. See part 3(D).

[11] At the time *Fields* was decided, the controlled-substances act, MCL 333.7401(4), provided in relevant part:

> The court may depart from the minimum term of imprisonment . . . if the court finds on the record that there are substantial and compelling reasons to do so.

8

. . . ." *Id*. at 62. We further stated that "the reasons justifying departure should 'keenly' or 'irresistibly' grab our attention, and we should recognize them as being 'of considerable worth' in deciding the length of a sentence." *Id*. at 67. Lastly, we stated, "the Legislature intended 'substantial and compelling reasons' to exist only in exceptional cases." *Id*. at 68.

"A legal term of art is a technical word or phrase that has acquired a particular and appropriate meaning in the law. It is, in a statute, to be construed and understood according to such meaning." *People v Law*, 459 Mich 419, 425 n 8; 591 NW2d 20 (1999), citing MCL 8.3a, which provides, "technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." The phrase "substantial and compelling reason" has, in our judgment, acquired a peculiar and appropriate meaning in the law and, thus, it must be construed according to such meaning. That is, a "substantial and compelling reason" must be construed to mean an "objective and verifiable" reason that "'keenly' or 'irresistibly' grabs our attention"; is "of 'considerable worth' in deciding the length of a sentence"; and "exists only in exceptional cases." *Fields, supra* at 62,

9

67-68.[12]

## C. "STATES ON THE RECORD"

The statutory sentencing guidelines, MCL 769.34(3), require the trial court to "state[] on the record the reasons for departure." Therefore, it is not enough that there *exists* some potentially substantial and compelling reason to depart from the guidelines range. Rather, this reason must be articulated by the trial court on the record. Accordingly, on review of the trial court's sentencing decision, the Court of Appeals cannot affirm a sentence on the basis that, even

---

[12] Although the trial court may depart from the guidelines range on the basis that a substantial and compelling reason to do so exists, the trial court "shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds . . . that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). Therefore, if the seriousness of the defendant's conduct and his criminal history have already been taken into account in determining the guidelines range, they cannot be used to justify the trial court's departure, unless the trial court finds that these factors have been given inadequate or disproportionate weight.

For instance, if a defendant convicted of armed robbery is scored 25 points under offense variable one because he stabbed his victim, see MCL 777.31, that the defendant stabbed his victim probably could not constitute a substantial and compelling reason to justify a departure because the Legislature has already determined what effect should be given to the fact that a defendant has stabbed his victim and the courts must abide by this determination. However, if the defendant stabbed his victim multiple times, or in a manner designed to inflict maximum harm, that might constitute a substantial and compelling reason for a departure because these characteristics may have been given inadequate weight in determining the guidelines range.

10

though the trial court did not articulate a substantial and compelling reason for departure, one exists in the judgment of the panel on appeal. Instead, in such a situation, the Court of Appeals must remand the case to the trial court for resentencing or rearticulation. The obligation is on the trial court to articulate a substantial and compelling reason for any departure. As discussed below, the obligation of the Court of Appeals is to *review* the trial court's determination that a substantial and compelling reason exists for departure.[13]

Further, the trial court must go beyond articulating a substantial and compelling reason for *some* departure. Rather, the trial court can depart from the guidelines range only "if the court has a substantial and compelling reason for *that* departure . . . ." MCL 769.34(3) (emphasis added). As we explained in *Hegwood*, *supra* at 437 n 10:

> In light of such language, we do not believe that the Legislature intended, in every case in which a minimal upward or downward departure is

---

[13] Although the trial court must articulate a substantial and compelling reason to justify its departure, the trial court is not required to use any formulaic or "magic" words in doing so. Although the better practice may be for the trial court to specifically state that "[t]he substantial and compelling reason that justifies my twelve-month departure here is . . . ," something short of this may well suffice as long as the trial court has articulated a substantial and compelling reason that justifies its departure. In any event, however it is articulated, the quality of the trial court's statement must be sufficient to allow for effective appellate review.

11

> justified by "substantial and compelling" circumstances, to allow unreviewable discretion to depart as far below or as far above the guideline range as the sentencing court chooses. Rather, the "substantial and compelling" circumstances articulated by the court must justify the *particular* departure in a case, i.e., "that departure." [Emphasis in original.]

Thus, the trial court must articulate on the record a substantial and compelling reason to justify the particular departure imposed.[14]

Because the trial court must articulate on the record a substantial and compelling reason to justify the particular departure, if the trial court articulates multiple reasons, and the Court of Appeals determines that some of these reasons are substantial and compelling and some are not, the panel must determine the trial court's intentions. That is, it must determine whether the trial court would have departed and would have departed to the same degree on the basis of the substantial and compelling reasons alone.[15] If the Court of

---

[14] However, this is not to say that the trial court must explain why it chose a twelve-month departure as opposed to an eleven-month departure (or indeed as opposed to any one of countless other potential departures). Rather, the trial court must simply explain why the actual departure that it imposed is justified by the substantial and compelling reasons articulated.

[15] When the trial court articulates multiple reasons for its departure and possesses doubts regarding whether one of these reasons is a substantial and compelling reason, but would sentence the defendant the same regardless of this reason, the best practice would be for the trial court to explicitly state, if it is true, that "I would impose the same sentence regardless of this reason." However, something short

Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, or determines that the trial court would not have departed to the same degree on the basis of the substantial and compelling reasons, the Court of Appeals must remand the case to the trial court for resentencing or rearticulation of its substantial and compelling reasons to justify its departure.[16]  For instance, if the trial court departs from the guidelines range by twelve months and articulates reasons A, B, and C to justify this departure, and if the Court of Appeals determines that reasons A and B are not substantial and compelling reasons,[17] but that C is, the Court of Appeals must determine whether the trial

_____

of such an explicit statement may well suffice as long as it is clear from the record that the trial court would not have sentenced defendant differently if it had not relied on this improper reason.

[16] On remand, the trial court does not necessarily have to impose a different sentence.  It may impose the same sentence as long as it articulates a substantial and compelling reason that justifies this sentence.

[17] There are several reasons the Court of Appeals may determine that a reason is not a substantial and compelling reason, such as that it is not "objective and verifiable"; it does not "'keenly' or 'irresistibly' grab our attention"; or it is not of "'considerable worth'" in deciding the length of a sentence." *Fields, supra* at 62, 67.  Additionally, it may be concluded that an offense or offender characteristic has already been taken into account in determining the guidelines range, and that the trial court has not found that the characteristic has been given inadequate or disproportionate weight.  MCL 769.34(3)(b).

13

court would have departed from the guidelines range by twelve months on the basis of reason *C* alone.

### D. PROPORTIONALITY

If the trial court's sentence is within the appropriate guidelines range, the Court of Appeals must affirm the sentence unless the trial court erred in scoring the guidelines or relied on inaccurate information in determining the defendant's sentence. MCL 769.34(10).[18] However, if the sentence is not within the guidelines range, the Court of Appeals must determine whether the trial court articulated a substantial and compelling reason to justify its departure from that range. MCL 769.34(11).[19]

In determining whether a sufficient basis exists to justify a departure, the principle of proportionality—that is,

---

[18] MCL 769.34(10) provides in relevant part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. . . .

[19] MCL 769.34(11) provides:

> If, upon review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter.

14

whether the sentence is proportionate to the seriousness of the defendant's conduct and to the defendant in light of his criminal record—defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed.[20]   The relevancy of proportionality is obvious.  As in any civilized society, punishment should be made to fit the crime and the criminal. *BMW of North America, Inc, v  Gore*, 517 US 559, 576 n 24; 116 S Ct 1589; 134 L Ed 2d 809 (1996)("The principle that punishment should fit the crime 'is deeply rooted and frequently repeated . . . .'")(citation omitted); *Weems v United States*, 217 US 349, 367; 30 S Ct 544; 54 L Ed 793 (1910)("It is a precept of justice that punishment for crime should be graduated and proportioned to the offense."); Thomas Jefferson, A Bill for Proportioning Crimes & Punishment in Virginia, 1779 ("[G]overnment would be defective in its principal purpose [were it not] a duty in the legislature to arrange in a proper scale the crimes which it may be necessary for them to repress, and to adjust thereto a corresponding gradation of punishments"); Beccaria, *On Crimes and Punishments* (1764)("Therefore, the means made use of by the

---

[20] In other words, while "substantial and compelling" sets forth the quality of the reasons that must be set forth in support of a departure from the guidelines, the principle of "proportionality" defines the standard against which the decision to depart, and the particular departure imposed, must be assessed.

legislature to prevent crimes should be more powerful in proportion as they are destructive of the public safety and happiness, and as the inducements to commit them are stronger. Therefore there ought to be a fixed proportion between crimes and punishments."); Note, *Mandatory life sentence without parole found constitutionally permissible For cocaine possession*-Harmelin v Michigan, 67 Wash L R 713, 714 (1992) ("The belief that the punishment should fit the crime is deeply rooted in Western civilization. The proportionality concept appears in fundamental social documents such as the Bible and the Magna Carta.") Accordingly, jaywalking is not punishable by life imprisonment, first-degree murder is not punishable by thirty days in jail, and a person convicted of robbery for the fourth time generally faces a more severe punishment than a person convicted of robbery for the first time. The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment.

The Legislature has subscribed to this principle of proportionality in establishing mandatory sentences as well as minimum and maximum sentences for certain offenses. See *Milbourn, supra* at 635-636. It has also subscribed to this principle of proportionality in establishing the statutory sentencing guidelines. Under the guidelines, offense and

16

prior record variables are scored to determine the appropriate sentence range. Offense variables take into account the severity of the criminal offense, while prior record variables take into account the offender's criminal history. Therefore, the appropriate sentence range is determined by reference to the principle of proportionality; it is a function of the seriousness of the crime and of the defendant's criminal history.

Accordingly, in considering whether to depart from the guidelines, the trial court must ascertain whether taking into account an allegedly substantial and compelling reason would contribute to a more proportionate criminal sentence than is available within the guidelines range. In other words, if there are substantial and compelling reasons that lead the trial court to believe that a sentence within the guidelines range is not proportionate to the seriousness of the defendant's conduct and to the seriousness of his criminal history, the trial court should depart from the guidelines. Additionally, in departing from the guidelines range, the trial court must consider whether its sentence is proportionate to the seriousness of the defendant's conduct and his criminal history because, if it is not, the trial court's departure is necessarily not justified by a substantial and compelling reason.

In *Babcock I, supra* at 75-76, the Court of Appeals, quoting *Fields, supra* at 77-78, concluded that

> "the existence or nonexistence of a particular factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error. The determination that a particular factor is objective and verifiable should be reviewed by the appellate court as a matter of law. A trial court's determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons to depart from the statutory minimum sentence shall be reviewed for abuse of discretion."

We agree.

In *Babcock II, supra* at 467 n 3, the Court of Appeals concluded that, although it was bound by the above language, it "question[ed] the *Babcock I* holding regarding the abuse of discretion standard of review in light of the language in MCL 769.34(11), which appears to suggest that our review is de novo." MCL 769.34(11) provides:

> If, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter.

Defendant contends that the trial court's decision that there is a substantial and compelling reason to depart from the guidelines range should be reviewed for an abuse of discretion. On the other hand, the prosecutor contends that

18

such a decision should be reviewed de novo. Although we agree with *Babcock I's* articulation of the applicable standards of review—whether a factor exists is reviewed for clear error, whether a factor is objective and verifiable is reviewed de novo, and whether a reason is substantial and compelling is reviewed for abuse of discretion—we take this opportunity to clarify the meaning of an abuse of discretion with regard to the Court of Appeals review of a trial court's decision that there is a substantial and compelling reason that justifies a sentencing departure.

In *Babcock I*, the Court of Appeals quoted the abuse of discretion test taken from *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959), which is that an abuse of discretion occurs when the lower court's decision is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

The *Spalding* abuse of discretion standard is one that entitles the trial court the utmost level of deference. In our judgment, while the Legislature intended to accord deference to the trial court's departure from the sentencing-guidelines range, it did not intend this determination to be entitled to *Spalding's* extremely high level of deference.

19

MCL 769.34(11) clearly states that if "the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing . . . ." "Find" is defined as: "to discover or perceive after consideration . . . ." *Random House Webster's College Dictionary* (1991). Therefore, if, after consideration, the Court of Appeals discovers or perceives that the trial court did not have a substantial and compelling reason to justify its departure, the Court must remand the case for resentencing. This statute clearly does not require the Court of Appeals, in accord with *Spalding*, to affirm "unless the result [is] so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."[21]  *Spalding, supra* at 384-385.

---

[21] Further, application of *Spalding's* abuse of discretion standard to the trial court's finding of a substantial and compelling reason to justify its departure from the guidelines range would not further the manifest purpose of the statutory sentencing guidelines. The Legislature adopted these guidelines intending to reduce unjustified disparities in sentencing. See 1994 PA 445, § 33(1)(e)(iv)(stating that sentencing guidelines shall, "Reduce sentencing disparities based on factors other than offense characteristics and offender characteristics and ensure that offenders with similar offense and offender characteristics receive substantially similar sentences.")(repealed March 7, 2002).

20

That said, *some* degree of deference is nevertheless owed the trial court's finding, and thus a review de novo would be inappropriate. The structure and content of the sentencing guidelines, as well as the organization of the appellate system itself, plainly reveal the Legislature's recognition that the trial court is optimally situated to understand a criminal case and to craft an appropriate sentence for one convicted in such a case. For example, the trial court "may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure. . . ." MCL 769.34(3). Additionally, the trial court may even "base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range" if "the court finds . . . that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). Finally, the Court of Appeals must affirm the trial court's sentence if it is within the appropriate guidelines range, unless the trial court made an

---

"Thus, the very premise of the guidelines is that judicial discretion will be restricted to a certain degree." *Hegwood, supra* at 438. However, if the trial court is allowed to depart from the guidelines unless its decision to do so is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias," *Spalding, supra*, the Legislature's intent to reduce unjustified disparities in sentencing will be significantly thwarted.

21

error in scoring the sentencing guidelines or relied on inaccurate information in determining the sentence. MCL 769.34(10).

It is clear that the Legislature has imposed on the trial court the responsibility of making difficult decisions concerning criminal sentencing, largely on the basis of what has taken place in its direct observation. Review de novo is a form of review primarily reserved for questions of law, the determination of which is not hindered by the appellate court's distance and separation from the testimony and evidence produced at trial. The application of the statutory sentencing guidelines to the facts is

> not a generally recurring, purely legal matter, such as interpreting a set of legal words, say, those of an individual guideline, in order to determine their basic intent. Nor is that question readily resolved by reference to general legal principles and standards alone. Rather, the question at issue grows out of, and is bounded by, case-specific detailed factual circumstances. [*Buford v United States*, 532 US 59, 65; 121 S Ct 1276; 149 L Ed 2d 197 (2001).]

Because of the trial court's familiarity with the facts and its experience in sentencing, the trial court is better situated than the appellate court to determine whether a departure is warranted in a particular case. Accordingly, review de novo, in which a panel of appellate judges could substitute its own judgment for that of the trial court, is surely not the appropriate standard by which to review the

22

determination that a substantial and compelling reason exists to justify a departure from the guidelines range. Instead, the appellate court must accord this determination some degree of deference.

Therefore, the appropriate standard of review must be one that is more deferential than de novo, but less deferential than the *Spalding* abuse of discretion standard. At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. See *People v Talley*, 410 Mich 378, 398; 301 NW2d 809 (1981)(Levin, J., concurring), quoting *Langes v Green*, 282 US 531, 541; 51 S Ct 243; 75 L Ed 520 (1931)("'The term "discretion" denotes the absence of a hard and fast rule.'"). When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of outcomes. See *Conoco, Inc, v JM Huber Corp*, 289 F3d 819, 826 (CA Fed, 2002)("Under an abuse of discretion review, a range of reasonable determinations would survive review."); *United States v Penny*, 60 F3d 1257, 1265 (CA 7, 1995)("a court does not abuse its discretion when its decision 'is within the

range of options from which one would expect a reasonable trial judge to select'")(citation omitted). We believe that this test more accurately describes the appropriate range of the trial court's discretion with regard to determining whether a substantial and compelling reason exists to justify its departure from the appropriate sentence range. Further, we believe that this test will contribute significantly to more consistent sentencing, both by enabling the Court of Appeals to more effectively constrain departures from the appropriate range of discretion by trial courts and by imposing a more consistent standard of review upon the Court of Appeals itself.

Accordingly, the Court of Appeals must determine, upon a review of the record, whether the trial court had a substantial and compelling reason to depart from the guidelines, recognizing that the trial court was in the better position to make such a determination and giving this determination appropriate deference. The deference that is due is an acknowledgment of the trial court's extensive knowledge of the facts and that court's direct familiarity with the circumstances of the offender. The Court of Appeals is to conduct the thorough review required by MCL 769.34(11), honoring the prohibition against departures not grounded in a substantial and compelling reason. MCL 769.34(3). In doing so, however, the Court must proceed with a caution grounded in

24

the inherent limitations of the appellate perspective.

## IV. APPLICATION

In this case, the Court of Appeals concluded that some of the reasons articulated by the trial court were not objective and verifiable. As explained above, if a reason is not objective and verifiable, it cannot constitute a substantial and compelling reason.[22] As also explained above, if the trial court articulates multiple reasons, and the Court of Appeals, as in this case, determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation. Because the Court of Appeals in this case did not determine whether the trial court would have departed, and would have departed to the same degree, absent consideration of the reasons that the Court of Appeals found to be not objective and verifiable, we reverse its judgment and remand this case to the Court of Appeals for further consideration.

## V. CONCLUSION

For the above reasons, we reverse the judgment of the

---

[22] While a reason cannot be a substantial and compelling reason unless it is objective and verifiable, the opposite is not always true. A reason can be objective and verifiable without being substantial and compelling.

Court of Appeals and remand this case to the Court of Appeals for further consideration pursuant to this opinion.

Stephen J. Markman
Marilyn Kelly
Clifford W. Taylor

CORRIGAN, C.J.

I concur in all except parts IIIC and IV.

Maura D. Corrigan

CAVANAGH, J.

I concur in all except part IIIB.

Michael F. Cavanagh

---

## APPENDIX

In order to assist the bench and bar, the following is a summary of the responsibilities of the trial court and Court of Appeals under the statutory sentencing guidelines:

1. A trial court is required to choose a minimum sentence within the guidelines range, unless there is a substantial and compelling reason for departing from this range. MCL 769.34(2), (3).

2. If a trial court's sentence is within the guidelines range, the Court of Appeals must affirm the sentence unless the trial court erred in scoring the guidelines or relied on inaccurate information in determining the defendant's sentence. MCL 769.34(10).

26

3.    A substantial and compelling reason must be "objective and verifiable"; must "'keenly' or 'irresistibly' grab our attention"; and must be "of 'considerable worth' in deciding the length of a sentence." *Fields, supra* at 62, 67.

4.    A trial court must articulate on the record a substantial and compelling reason for its *particular* departure, and explain why this reason justifies *that* departure. MCL 769.34(3); *People v Daniel*, 462 Mich 1, 9; 609 NW2d 557 (2000).

5.    A trial court "shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds . . . that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b).

6. In considering whether, and to what extent, to depart from the guidelines range, a trial court must ascertain whether taking into account an allegedly substantial and compelling reason would contribute to a more proportionate criminal sentence than is available within the guidelines range. MCL 769.34(3).

7.    In reviewing sentencing decisions, the Court of Appeals may not affirm a sentence on the basis that, although the trial court did not articulate a substantial and compelling reason for a departure, one nonetheless exists in

27

the judgment of the Court of Appeals. Instead, in such a situation, the Court of Appeals must remand the case to the trial court for resentencing. MCL 769.34(3); MCL 769.34(11).

8. If a trial court articulates multiple "substantial and compelling" reasons for a departure from the guidelines, and the Court of Appeals determines that some of these reasons are substantial and compelling and others are not, the panel must determine whether the trial court would have departed, and would have departed to the same degree, on the basis of the substantial and compelling reasons alone. MCL 769.34(3).

9. If a trial court departs from the guidelines range, and its sentence is not based on a substantial and compelling reason to justify the *particular* departure, i.e., the sentence is not proportionate to the seriousness of the defendant's conduct and his criminal history, the Court of Appeals must remand to the trial court for resentencing. MCL 769.34(11).

10. "'[T]he existence or nonexistence of a particular [sentencing] factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error.'" *Babcock I, supra* at 75-76, quoting *Fields, supra* at 77.

11. "'The determination that a particular [sentencing] factor is objective and verifiable should be reviewed by the appellate court as a matter of law.'" *Babcock I, supra* at 76, quoting *Fields, supra* at 78.

28

12. "'A trial court's determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons to depart from the statutory minimum sentence shall be reviewed for abuse of discretion.'" *Babcock I, supra* at 76, quoting *Fields, supra* at 78. An abuse of discretion occurs when the trial court chooses an outcome falling outside the permissible principled range of outcomes.

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

        No. 121310

GERALD LEE BABCOCK,

    Defendant-Appellee.

_____

CORRIGAN, C.J. (*concurring in part and dissenting in part*).

Although I concur with much of the majority's analysis and its result, I cannot agree with the majority's analysis of the remand requirement. Accordingly, I respectfully dissent in part.

I would limit the requirement of a reviewing court to remand for resentencing or rearticulation to that explicitly provided by the Legislature in MCL 769.34(11). Rather than interpret the statutory text, the majority creates a new remand requirement out of whole cloth. The majority concludes that "if the trial court articulates multiple reasons [for departure], and the appellate court . . . determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether

the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation." *Ante* at 26. This formulation is found nowhere in the text of the sentencing guidelines and imposes an unnecessary burden on both sentencing and reviewing courts.

MCL 769.34(11) provides:

> If, upon a review of the record, the court of appeals *finds* the trial court did not have a substantial and compelling *reason* for departing from the appropriate sentence range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter. [Emphasis added.]

The Legislature only requires the reviewing court to determine whether the trial court had "a substantial and compelling reason" for departing from the sentencing range. Therefore, under the statute, the Court of Appeals may only remand for resentencing or rearticulation if it finds that the trial court did not articulate a single substantial and compelling reason for the departure.

In determining whether a trial court articulated a substantial and compelling reason for departing from the appropriate sentence range, the Court of Appeals must necessarily determine whether the trial court met the requirements of MCL 769.34(3): (1) did the trial court articulate a substantial and compelling reason for that

2

particular departure, and (2) did the trial court state that substantial and compelling reason on the record. Provided the trial court complied with the requirements of MCL 769.34(3), with the result that the Court of Appeals finds at least one substantial and compelling reason for the departure imposed by the trial court, then MCL 769.34(11) does not require a remand.

Using the hypothetical example proposed by the majority, even if a trial court provides multiple reasons for a departure and some of those reasons are later determined not to be substantial and compelling, the statute only requires a remand if the Court of Appeals finds that the trial court did not provide a single substantial and compelling reason for that departure from the statutory sentence range. There is no textual support for the majority's requirement that the Court of Appeals must remand any time any reason is determined not to be substantial and compelling, no matter how many substantial and compelling reasons remain, unless it is clear to the reviewing court that the trial court would have imposed the same departure on the basis of the remaining reasons.

Not only is the majority's analysis without textual support, it also renders MCL 769.34(11) superfluous. It is a cardinal rule of statutory interpretation that "effect shall be given to every word, phrase, or clause of a statute."

3

*Robertson v DaimlerChrysler Corp*, 465 Mich 732, 757; 641 NW2d 567 (2002). The majority's interpretation, however, gives no meaning to the Legislature's explicit provision regarding appellate review; rather, it simply collapses the appellate inquiry into the initial determination to depart under MCL 739.34(3). In doing so, the majority ignores the Legislature's decision to specify the scope and purpose of review by the Court of Appeals in subsection 11.

Had the Legislature intended to require the Court of Appeals to read the mind of the trial court in conducting its review, it would have been sufficient to set forth the trial court requirements in subsection 3 and omit subsection 11. Instead, the Legislature provided for a specific standard of review by the Court of Appeals in subsection 11: the Court of Appeals shall only remand "[i]f, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentence range." If the majority's analysis is correct and the Court of Appeals must remand every time it is unable to discern whether the trial court would have made the same departure under the existing substantial and compelling reasons, this language has no meaning.

The plain language of subsection 11 requires the Court of Appeals to conduct its own inquiry regarding whether the trial

4

court articulated *a* substantial and compelling *reason* for departing from the guidelines. *Random House Webster's College Dictionary* (2d ed, 1997), defines "find" as "to discover or perceive after consideration," "to ascertain by study or calculation," and "to determine after a judicial inquiry." Therefore, subsection 11 requires the Court of Appeals, upon reviewing the record provided by the trial court, to "discover," "ascertain," or "determine" whether the trial court had a substantial and compelling reason for departing from the guidelines. This is the entire scope and function of the Court of Appeals inquiry. Nothing in the statutory text requires the Court of Appeals to "find" that the trial court would have departed and departed to the same degree on the basis of a substantial and compelling reason, as the majority would require. The Legislature provided only that the Court of Appeals must determine for itself whether the trial court articulated at least one substantial and compelling reason for departing from the guidelines, and we are bound by that legislative provision. The majority's creation of an extratextual remand inquiry renders subsection 11 superfluous and usurps legislative authority.

Further, as a practical matter, the majority's approach will force the Court of Appeals to remand innumerable cases to the trial courts for resentencing or rearticulation. In any

5

case in which the Court of Appeals is not comfortable with its ability to divine the workings of the mind of the sentencing judge, it will be forced to remand even though it finds that a substantial and compelling reason justifies the departure. This extreme level of inefficiency is not required by the statutory text and will create needless additional work for an already overburdened trial bench. To mitigate the effect of the majority's extratextual requirement, I strongly suggest that every trial judge add the following disclaimer to the end of every judgment of sentence:

> I am persuaded that the defendant should serve the sentence I have rendered and it is my intention that this sentence be sustained if an appellate court determines that any of my rationales for departure survive review.

Although this disclaimer is not required by the statutory text, it is now functionally required by the majority's creation of a new remand inquiry.

Because I believe we are bound by the statutory language, I would hold that a remand is only required under MCL 769.34(11) if the Court of Appeals, after reviewing the record provided by the trial court, determines that there is not a single substantial and compelling reason for departing from the guidelines, as defined in MCL 769.34(3).

Accordingly, I respectfully dissent in part from the majority's decision.

6

Maura D. Corrigan
Robert P. Young, Jr.

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v                                                 **No. 121310**

GERALD LEE BABCOCK,

     Defendant-Appellee.

_____

**CAVANAGH, J.** (*concurring in part and dissenting in part*).

I agree with the majority except to the extent it continues to utilize the definition of "substantial and compelling reasons" from *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995). *Ante* at 7-8. I remain committed to the *Fields* dissent and would not improperly impose limitations on the types of factors a sentencing court may consider.

In *Fields*, this Court addressed "substantial and compelling reasons" necessary for departure under the controlled substance act, then in effect, and stated that "only those factors that are objective and verifiable may be used to judge whether substantial and compelling reasons exist." *Fields* at 62. The *Fields* dissent conducted an exhaustive review of the case law interpreting "substantial and compelling," as used in the statute at issue, and the Legislature's intent in enacting the statute. The dissent also

examined the plain language of the statute at issue and pointed out that the Legislature did not specify any limit on the types of factors the sentencing court may consider. *Fields* at 99 (CAVANAGH, J., dissenting). The Legislature only specified that the reasons for a sentencing departure must meet the substantial and compelling threshold. *Id.* There is nothing in the language of the statute or the legislative history limiting a sentencing judge's consideration to only "objective and verifiable" factors. Therefore, a sentencing court should consider all the factors and circumstances surrounding an individual case.

Additionally, what rises to the level of substantial and compelling is clearly subjective. "It relates to *this* defendant and to *this* sentencing judge, who is examining *this* individual and *this* offense." *Id.* at 104 (emphasis in original). Thus, the weighing of all the factors and circumstances before the sentencing court includes inherently subjective inquiries.

Further, as was discussed at length in the *Fields* dissent, the "objective" limitation is unworkable. See, e.g., *Id.* at 95-96, 101-102, 103-104, 105-106. There are certain factors, such as a defendant's remorse or a defendant's family support, that may be considered objective by one sentencing judge and subjective by another. The dissent in *Fields* stated, "[t]he better test is whether the sentencing judge is satisfied that the nature and extent of the defendant's remorse [or family support] are substantial and compelling reasons to support a sentencing departure." *Id.* at 105. I remain committed to the position that the "objective" criteria utilized by this Court is unworkable.

Therefore, while I agree with the remainder of the majority opinion, I must

2

dissent to the extent this Court continues to employ the *Fields* "objective" definition of "substantial and compelling reasons."

Michael F. Cavanagh

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                No. 121310

GERALD LEE BABCOCK,

    Defendant-Appellee.

_____

WEAVER, J. *(dissenting in part and concurring in part).*

I dissent from the majority's result and opinion and would affirm the Court of Appeals decision. I dissent because (1) I continue to believe that the phrase "a substantial and compelling reason" does not limit the trial court to considering only factors that are "objective and verifiable" and (2) I agree with the standard for remand articulated by the Chief Justice in her partial dissent rather than with the majority's remand analysis. I concur only in (1) the majority's basic recognition that the language of MCL 769.34(3) requires the court to state on the record a substantial and compelling reason for departing from the guidelines and (2) the majority's refinement of the abuse of

discretion standard.

First, pursuant to the legislative sentencing guidelines,

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] if the court has a substantial and compelling reason for that departure and states on the record the reasons for that departure.  All of the following apply to a departure:
>
> (a) The court shall not use an individual's gender, race, ethnicity, alienage, national origin, legal occupation, lack of employment, representation by appointed legal counsel, appearance in propria persona, or religion to depart from the appropriate sentence range.
>
> (b) The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight. [MCL 769.34(3).]

While I concur in the majority's basic recognition that the language of the statute requires the trial court to state on the record "a substantial and compelling reason" for its departure from the sentencing guidelines, I dissent from the rest of the majority's analysis.  The language of the statute is plain and unambiguous, and the majority's excessive interpretation of this language, which is clear on its face, is unnecessary.

Second, I agree with the standard for remand articulated by the Chief Justice in her partial concurrence and partial

2

dissent, rather than with the majority's remand analysis. MCL 769.34(11) provides:

> If, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentencing range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter.

Pursuant to this language, a remand to the trial court is only required "if the Court of Appeals, after reviewing the record provided by the trial court, determines that there is not a single substantial and compelling reason for departing from the guidelines, as defined in MCL 769.34(3)." *Ante* at 7. Further, as the Chief Justice notes, the majority's approach will, as a practical matter, "force the Court of Appeals to remand innumerable cases to the trial courts for resentencing or rearticulation" and "will create needless additional work for an already overburdened trial bench." *Ante* at 6. Consequently, I agree with the Chief Justice that the majority's opinion functionally requires at the end of every judgment of sentence the disclaimer she articulates.

Third, I continue to believe that a "substantial and compelling reason" does not limit the trial court to considering only factors that are "objective and verifiable." Rather, I continue to subscribe to the position articulated in my dissent in *People v Daniel,* 462 Mich 1, 22-23; 609 NW2d 557

3

(2000), that *all relevant factors*, not only those that are objective and verifiable, should be considered when determining whether there is a substantial and compelling reason to depart from the sentencing guidelines.

Fourth, I concur with the majority's refinement of the abuse of discretion standard. *Ante* at 19-24. The abuse of discretion standard, as previously articulated in *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959), was so exaggerated that it unreasonably limited appellate court review.

Sentencing a defendant for the crime committed is a discretionary act. As recognized by the majority, "the trial court is optimally situated to understand a criminal case and to craft an appropriate sentence for one convicted in such a case." *Ante* at 21. Consequently, a considerable degree of deference should be afforded the trial court. Today, the majority provides a reasonable definition of that deferential standard:

> At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of

4

outcomes. [*Ante* at 22-23 (citations omitted).]

I emphasize that according to this standard, the trial court does not abuse its discretion if it selects a different principled outcome than the reviewing court would have chosen from the range of principled outcomes.

Applying the principles discussed herein to the facts of this case and considering all relevant factors, I would conclude that the trial court did not abuse its discretion in departing downward from the sentencing guidelines. The trial court offered the following reasons for its departure: (1) the probation agent recommended probation, (2) abuse of the victim by her uncle and separation from her grandmother caused a great part of the harm suffered by the victim, (3) defendant's original attorney recommended probation, (4) correspondence from defendant's brother's special-education teacher and from defendant's brother's attorney indicated that defendant was the caregiver for his brother, who suffers severe disability because of cerebral palsy and mental retardation, and (5) a letter from defendant's physician indicated that defendant has a herniated disc in his back. The articulation of these factors satisfies the requirement that the trial court articulate a substantial and compelling reason on the record for its downward departure. Moreover, the trial court's decision did not venture beyond the range of principled

5

outcomes under the circumstances.  Therefore, the trial court did not abuse its discretion, and the judgment of the Court of Appeals should be affirmed.

Elizabeth A. Weaver