PEOPLE v BABCOCK (ON REMAND)

Docket No. 235518. Submitted September 24, 2003, at Lansing. Decided September 25, 2003, at 9:10 A.M.

Gerald L. Babcock pleaded guilty in the Jackson Circuit Court, Alexander C. Perlos, J., to two counts of second-degree criminal sexual conduct. The court, deviating below the minimum sentence range of thirty-six to seventy-one months of imprisonment recommended under the legislative sentencing guidelines, sentenced the defendant to three years of probation, with the first sixty days to be served in jail. The Court of Appeals, TALBOT, P.J., and GAGE, J. (HOOD, J., concurring), vacated the sentence and remanded the case to the circuit court, holding that the circuit court had abused its discretion by failing to articulate a substantial and compelling reason for a downward departure from the sentencing guidelines. 244 Mich App 64 (2000). On remand, the circuit court imposed the same sentence after articulating multiple reasons for a downward departure. The Court of Appeals, SAWYER, P.J., and MURPHY and HOEKSTRA, JJ., affirmed, holding that the circuit court did not abuse its discretion with respect to the departure from the guidelines or the extent of the departure, although it concluded that some factors cited by the circuit court were not objective and verifiable. 250 Mich App 463 (2002). The Supreme Court reversed and remanded the case to the Court of Appeals for further consideration, directing the Court of Appeals to either determine whether the circuit court would have departed, and would have departed to the same degree, absent consideration of the reasons that the Court of Appeals found to be not objective and verifiable (i.e., not substantial and compelling), or remand the case to the circuit court for resentencing or rearticulation. 469 Mich 247 (2003).

On remand, the Court of Appeals *held*:

The case must be remanded for resentencing or rearticulation because the Court of Appeals is unable to discern from the record whether the circuit court would have departed, and would have departed to the same degree, from the guidelines absent consideration of the reasons found to be not objective and verifiable, i.e., not substantial and compelling.

Reversed and remanded for further proceedings.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *John G. McBain*, Prosecuting Attorney, and *Jerrold Schrotenboer*, Chief Appellate Attorney, for the people.

*Bruce A. Barton* for the defendant.

ON REMAND

Before: SAWYER, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM. Defendant was sentenced to three years' probation, with the first year to be served in jail,[1] after pleading guilty to two counts of second-degree criminal sexual conduct, MCL 750.520c. The legislative sentencing guidelines called for a minimum sentence range of thirty-six to seventy-one months. The prosecutor appealed by leave granted the trial court's downward departure from the sentencing guidelines, and this Court held that the trial court abused its discretion because the court failed to articulate a substantial and compelling reason for a downward departure. *People v Babcock*, 244 Mich App 64, 80; 624 NW2d 479 (2000) (*Babcock I*). On remand, the trial court imposed a sentence identical to its initial sentence after articulating multiple reasons for a downward departure. The prosecutor again appealed by leave granted in this Court the trial court's sentencing decision. *People v Babcock*, 250 Mich App 463; 648 NW2d 221 (2002) (*Babcock II*). We held that the trial court did not abuse its discretion in departing downward from the minimum guidelines range, nor

---

[1] All but sixty days of defendant's jail sentence were suspended.

did the trial court abuse its discretion with respect to the extent of the downward departure. *Id.* at 471-472.

In *Babcock II, supra* at 469-470, we reviewed the reasons provided by the trial court in support of the downward departure, and we then concluded:

> Some of the factors cited by the trial court are not objective and verifiable, and we will not consider them in our analysis. Specifically, the court's belief that defendant and society would be better served if defendant is treated outside prison is neither objective nor verifiable. Further, the affidavit of defendant's attorney is neither objective nor verifiable.
>
> However, there are factors relied on by the trial court that were objective and verifiable. Those factors included defendant's compliance with his probation requirements, including sex offender therapy, defendant's herniated disc, and the fact that defendant is involved in providing care to his impaired brother. [*Id.* at 471.]

The prosecutor then appealed our decision by leave granted in the Michigan Supreme Court, which, after thoroughly examining the law and history concerning sentencing guidelines, held:

> In this case, the Court of Appeals concluded that some of the reasons articulated by the trial court were not objective and verifiable. As explained above, if a reason is not objective and verifiable, it cannot constitute a substantial and compelling reason. As also explained above, if the trial court articulates multiple reasons, and the Court of Appeals, as in this case, determines that some of these reasons are substantial and compelling and some are not, and the Court of Appeals is unable to determine whether the trial court would have departed to the same degree on the basis of the substantial and compelling reasons, the Court must remand the case to the trial court for resentencing or rearticulation. Because the Court of Appeals in this case did not determine whether the trial court would have departed,

and would have departed to the same degree, absent consideration of the reasons that the Court of Appeals found to be not objective and verifiable, we reverse its judgment and remand this case to the Court of Appeals for further consideration. [*People v Babcock*, 469 Mich 247, 270-271; 666 NW2d 231 (2003).]

Lacking clairvoyance, and wishing to provide closure, without speculating, in this case, which has been in the appellate system for several years, we remand this case to the trial court for resentencing or rearticulation because we are unable to discern from the record whether the trial court would have departed, and would have departed to the same degree, absent consideration of the reasons that we found to be not objective and verifiable. Although we believe that in all likelihood the trial court will again issue a sentence identical to the first two sentences in light of the overall history of this case, we cannot, with confidence, point to any specific statements in the record that would definitively indicate that the sentence issued by the trial court would remain unchanged.

Reversed and remanded for proceedings consistent with this opinion and that of the Supreme Court. We do not retain jurisdiction.