CAVANAGH, J.
{concurring in part and dissenting in part). I concur with the result reached by the majority in People v Harper. Facts admitted by a defendant may be used by a trial court to determine the relevant statutory maximum. See Blakely v Washington, 542 US 296, 303; 124 S Ct 2531; 159 L Ed 2d 403 (2004). In light of the guidance and admonitions given by the trial court, I believe that defendant Harper admitted to the facts used by the trial court to sentence defendant when he pleaded guilty and stated that he did not contest the information in the presentence investigation report.
*646 Moreover, I concur with the result advocated by Justice KELLY in her dissent in People v Burns. I agree that the trial court did not articulate substantial and compelling reasons to depart from the sentencing guidelines. See People v Babcock, 469 Mich 247; 666 NW2d 231 (2003). Thus, this case should be remanded for resentencing. Because the trial court did not comply with the requirements for sentencing and this case can be decided on statutory grounds, it is improper to address the constitutional issue decided by the majority.