673 N.W.2d 746 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jack Douglas BACKSTROM, III, Defendant-Appellant.
Docket No. 124311, COA No. 248757.
Supreme Court of Michigan.
January 30, 2004.
On order of the Court, the application for leave to appeal the July 7, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I would remand this case to the Court of Appeals for consideration in light of People v. Babcock, 469 Mich. 247, 666 N.W.2d 231 (2003). MCL 769.34(3)(b) states that the sentencing court "shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds ... that the characteristic has been given inadequate or disproportionate weight." Here, the trial court failed to comply with this obligation by making no finding whatsoever that two factors in support of its departure that were already considered under the guidelines were given inadequate weight by the guidelines.
The purpose of the new sentencing guidelines enacted by the Legislature is to ensure sentencing uniformity. The guidelines seek to achieve this uniformity by requiring judges to sentence defendants within a guideline range unless they affirmatively set forth a basis for an upward or downward departure. Because the Legislature's goal of sentencing uniformity can be undermined if judges are not required to properly articulate themselves when they depart from the guidelines, I would require the trial court here to comply with its statutory obligation.
MARILYN J. KELLY, J., joins the statement of MARKMAN, J.