# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 30, 2009

138784

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GARRETT EUGENE MINER,
      Defendant-Appellant.

SC: 138784
COA: 289506
Kalamazoo CC: 2007-001745-FH

_____/

On order of the Court, the application for leave to appeal the March 5, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*).

The Court of Appeals correctly concluded that the sentence imposed in this case, which departed from the sentencing guidelines, was invalid. On September 28, 2007, while driving drunk, defendant crashed into another car, killing the two persons inside. He pleaded guilty to two counts of operating a motor vehicle while intoxicated causing death, MCL 257.625(4). Although the legislative sentencing guidelines called for a minimum sentence of 43 to 86 months in prison, the sentencing judge imposed five years' probation with the first year to be spent in the county jail.

I am particularly struck by the judge's decision to base this significant downward sentencing departure in part on the judge's finding that defendant "ha[d] done everything that ha[d] been asked of [him]" after his arrest. This finding was clearly erroneous in light of the facts presented in the presentence investigation report; defendant had no objections to the contents of this report. The report indicates that, after his arrest and while on bond, defendant continued to use alcohol daily through October 2007, although the fatal accident occurred on September 28 resulting from his alcohol and drug abuse. He also admitted that he continued to use THC (tetrahydrocannabinol) through December 2007, three months after the accident. This statement itself was inaccurate as he had

positive drug tests in January and February 2008. According to a pretrial supervision final report, although his positive tests for benzodiazepines might have been due to a valid prescription for Klonopin, defendant twice tested positive for cannabinoids and once had an abnormally low creatinine level; the report explains that low creatinine levels are indicative of an individual overloading on fluids. Finally, the presentence investigation report suggests that defendant failed to complete one or more of the three substance abuse programs to which he had been referred.

Clearly, defendant did not comply with everything that had been asked of him. At a minimum, he continued to use alcohol and other drugs after the tragic accident caused by his drinking and drug use. Accordingly, I support the Court of Appeals order remanding this case for resentencing within the guidelines.

YOUNG, J., joins the statement of CORRIGAN, J.

KELLY, C.J. (*dissenting*).

I dissent from the order denying defendant's application for leave to appeal. I would vacate the portion of the Court of Appeals order directing that defendant be resentenced within the guidelines. Instead, I would remand this case to the circuit court with directions that it must resentence defendant within the guidelines or articulate alternative substantial and compelling reasons for its departure. *People v Babcock*, 469 Mich 247 (2003); *People v Smith*, 482 Mich 292 (2008).

I agree with Justice Corrigan's concurring statement insomuch as it accurately recounts the trial court's errors. I object, however, to this Court's implicit endorsement of the clearly erroneous order entered by the Court of Appeals in this case. Nothing in Justice Corrigan's statement excuses this Court's failure to enforce MCL 769.34(3), which allows a court to depart from the sentencing guidelines if it gives substantial and compelling reasons for doing so. The court in this case failed to do so. But the court should not be precluded from again imposing a departure sentence if it finds adequate reasons for a departure other than those cited in Justice Corrigan's statement.

HATHAWAY, J., joins the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 30, 2009



Clerk

p1027