# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 17, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149800

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v                                                               SC: 149800
                                                                COA: 309729
                                                                Wayne CC: 06-007375-FC

DAWAN TYNER,
        Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the June 5, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to the Wayne Circuit Court for proceedings consistent with its April 12, 2012 order granting the defendant's motion for new trial and relief from judgment.

A trial court's decision to grant a new trial based upon newly-discovered evidence is reviewed for an abuse of discretion. See *People v Terrell*, 289 Mich App 553, 558 (2010), lv den 489 Mich 858 (2011). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *People v Musser*, 494 Mich 337, 348 (2013). Here, the trial court held that three statements by Carlos Strong to his mother, Carol Turner, and his former girlfriend, Rasheedah Pearson, constituted excited utterances. Those statements indicated that defendant was not at the crime scene on the night of the shooting. Finding that the statements satisfied the test for newly-discovered evidence, including that they would make a different result reasonably probable on retrial, the trial court ordered a new trial. See *People v Cress*, 468 Mich 678 (2003). The Court of Appeals erred by substituting its own opinion of the credibility and veracity of the witnesses for that of the trial court. Given the trial court's superior position to assess the credibility and veracity of the witnesses, its determination that the newly-discovered evidence would make a different result probable on retrial was not so egregious that it was outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269 (2003). See also *Alder v Flint City Coach Lines, Inc*, 364 Mich 29, 38 (1961) (CARR, J.,

concurring) ("This Court has repeatedly held that a trial judge, in passing on a motion for a new trial, is vested with a large discretion. The wisdom of such rule is obvious. The judge has the advantage of seeing the witnesses on the stand, of listening to their testimony, of noting the attitude of the jury to various matters that may arise during the trial, and is in far better position than is an appellate court to pass on questions of possible prejudice, sympathy, and matters generally that occur in the course of a trial but which do not appear of record.").

MCCORMACK, J., not participating because of her prior involvement in this case as counsel for a party.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2015



s0414

Clerk