# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID WESLEY MERCER,

        Defendant-Appellant.

UNPUBLISHED
July 26, 2018

No. 335181
Barry Circuit Court
LC No. 16-000108-FH

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant was convicted by guilty plea of one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age). He was sentenced as a second-offense habitual offender, MCL 769.10, to 180 to 270 months' imprisonment, which reflected an upward departure from the minimum sentencing guidelines range of 29 to 71 months. After this Court initially denied defendant's delayed application for leave to appeal, our Supreme Court, in lieu of granting leave, remanded the case for consideration, as on leave granted, of whether defendant's sentence was reasonable pursuant to the standard set forth in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017). *People v Mercer*, 501 Mich 876 (2017). Taking into consideration the principle of proportionality enunciated in *Steanhouse*, we affirm.

This case arises from defendant's sexual abuse of his 10-year-old step great-great granddaughter between June 2015 and December 2015. The presentence investigation report (PSIR) contained accounts of the events as given to interviewing police officers. The PSIR indicated that the victim reported that defendant had touched her vagina—either directly or through her clothes—on at least eight occasions during the six-month period. The victim further reported that she would try and stop defendant from engaging in the sexual assaults, hitting him on one occasion, that she would tell him "no," that she would attempt to get off his lap, but he would hold on to her at times, and that defendant also once reached under her shirt and touched her in the breast area. Additionally, the PSIR provided as follows with respect to defendant's statements to police:

        The defendant reported that he touched the victim's vagina on the outside of her shorts, [and] . . . he could feel the outline of her vagina. He reported that he

-1-

rubbed the top of the victim's vagina. The defendant reported that his fingers pushed into the victim's vagina approximately 1/8 of an inch. . . . .

* * *

The defendant reported that he had tried to touch her on and off all summer. He tried to touch her but the victim told him to stop each time. The defendant reported that he touched the victim's vagina once, but that he has attempted to touch it between five and ten times but she would not let him.

The defendant reported that the situation is not right because the victim is a minor and he's too old for her; that she is his granddaughter; and because she had told him no several times. The defendant singled the victim out because she was the oldest. If the victim had let the defendant all the way up her shorts, the defendant stated that he would have probably fingered her, which was his reported goal. The defendant reported that this is much the same situation as his victim in Holland, when he was arrested for Criminal Sexual Conduct in 2005.[1] The defendant reported that the victim was the only one and he does not like boys, just little girls but not too young.

The PSIR as well as the plea transcript indicated that defendant engaged in the molestations for purposes of sexual gratification. In the PSIR's victim's impact statement, it was noted that as a result of defendant's conduct, the victim was depressed, feeling guilty, having trouble in school, suffering from fear and anxiety, and was having trouble trusting people. At sentencing, defendant stated that he did not challenge or contest the information contained in the PSIR.

During the sentencing hearing, the prosecutor read a statement prepared by the victim's mother, which indicated that the family desired the maximum sentence allowed by law, considering that the victim's abuser was someone she should have been able to trust and whom she had trusted until the sexual abuse began. The statement further provided that the family never wanted defendant to be able to harm another child, as "he will always be a predator," given the current situation and the 2005 prosecution against defendant. The prosecutor herself noted that defendant was not in compliance with the sex offender registry stemming from the 2005 conviction. Defense counsel observed at the sentencing that defendant knew that he needs help and that "[s]omehow it didn't stick the first time when he had some counseling activity." After a couple of corrections, the guidelines range was set at 29 to 71 months. The trial court, in imposing a sentence of 180 to 270 months' imprisonment, explained the upward departure:

_____

[1] Defendant pleaded guilty in 2005 to attempted third-degree CSC, MCL 750.520d(1)(a), after being charged with CSC-II.

I have taken the guidelines into consideration, as I'm required to do, and recognizing what those guidelines are, and then I am to make a decision on what a reasonable and proportionate sentence is in this case.

In this matter you were the victim's grandfather. You molested her from June to December of 2015. You have a prior offense. This case involved approximately eight molestations against the victim. You were in a position of trust. You already had treatment previously. It didn't work apparently or you weren't meaningfully engaged in it.

According to the police report, which is reflected in this [PSIR], you have a penchant for young girls, which makes you a risk to society and a risk to other girls, in this [c]ourt's opinion.

Therefore, this [c]ourt feels that a reasonable and proportionate sentence in this matter is 180 months to 270 months.

On appeal, defendant argues that the trial court erred by substantially departing upward from the minimum guidelines range, where the sentence was not proportionate to the seriousness of the circumstances surrounding the offense and the offender. More particularly, defendant contends that because he will not be eligible for parole until he is 88 years old, the "sentence is in essence a death sentence." Defendant also complains that the departure was not justified by the trial court's statements on the record, that the court failed to articulate why the sentence was more proportionate than a sentence within the guidelines range, and that the trial court failed to articulate the reasons for the extent of the departure.

We review for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

The key test is not whether a sentence departs from or adheres to the guidelines range, but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Trial judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an

upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court observed:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citations omitted.]

Here, although the trial court's remarks relative to imposing a departure sentence were fairly brief, the court did not abuse its discretion in regard to the decision to depart from the guidelines range, nor in relation to the extent of the departure. The minimum sentence of 180 months or 15 years was proportionate to the seriousness of the circumstances surrounding the offense and the offender. First, the trial court properly considered the relationship between the victim and the aggressor, defendant, where there was a grandparent-grandchild relationship with an expectation of trust and protection, and defendant shattered that relationship and expectation with his behavior. Next, defendant had a prior CSC-related conviction in 2005 concerning a minor female. This prior conviction resulted in a score of five points for prior record variable (PRV) 2, MCL 777.52(1)(d),[2] so it was considered in scoring the guidelines, albeit minimally. However, the trial court's discussion of the 2005 conviction was for the purpose of comparing it to the instant CSC-II conviction, showing defendant's sexual predilection for young girls and the small potential, if any, for defendant's rehabilitation. When viewed in that context, five points for PRV 2 seems woefully inadequate.

Moreover, on the subject of the potential for rehabilitation, we conclude that the record supported the trial court's determination that a departure was appropriate because defendant posed a risk to society and young girls. We reach this conclusion taking into consideration the prior sexual offense against a minor, the apparent ineffectiveness of previous counseling, the violation of the sex offender registry, defendant's very own admission that, sexually speaking, he likes little girls, the fact that defendant's own family considers him a danger, and the ongoing sexual assaults against the victim over a six-month period that only stopped with his arrest. These factors also supported the extent of the departure. Further, the trial court properly considered the fact that there were at least eight instances of sexual abuse against the victim. The most points that could be scored under offense variable (OV) 13, MCL 777.43(1)(c), was 25 points, which defendant received, but this only took into consideration "3 or more crimes against a person." In light of the eight instances of sexual assault, if not more, OV 13 can reasonably be viewed as being inadequate under the circumstances presented in this case. The sentence was

---

[2] Defendant's total PRV score was only five points.

justified by the record, and the trial court adequately articulated the reasons for departing and for the extent of the departure.

Finally, with respect to defendant's argument concerning his age, in *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997), our Supreme Court observed:

> [W]e find no basis . . . for a requirement that the trial judge tailor every defendant's sentence in relationship to the defendant's age. Persons who are sixty years old are just as capable of committing grievous crimes as persons who are twenty years old. We find no principled reason to require that a judge treat similar offenses that are committed by similarly depraved persons differently solely on the basis of the age of the defendant at sentencing where the Legislature has authorized the judge to impose life or any term of years.

Thus, resentencing is unwarranted.

Affirmed.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey