*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 21, 2022

Plaintiff-Appellee,

v

No. 357510
Wayne Circuit Court
LC No. 17-005080-01-FC

TYWUANTE LESHAUN CRUMP,

Defendant-Appellant.

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

Defendant appeals as of right, after this Court's remand, the order reaffirming and justifying the extent of its departure sentences. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of an automobile accident. This Court summarized the salient facts underlying this case in a prior appeal:

At the time of the accident, defendant worked at the Varsity Lounge in Detroit, Michigan. [The victim] had just left the Varsity Lounge when defendant announced over a microphone that people needed to move their vehicles. Sherry Thomas gave her keys to defendant to move her car. Defendant took Thomas's car keys, got inside her car, and drove away from the Varsity Lounge. One block from the Varsity Lounge, at the intersection of Stoepel Street and Dover Avenue, defendant crashed Thomas's vehicle into the side of [the victim's] vehicle, killing her. The speed limit on both streets was 25 miles per hour. Defendant drove northbound on Stoepel Street, traveling at 69 miles per hour at the time of impact. [The victim] drove westbound on Dover Avenue, traveling at 28 miles per hour at the time of impact. Despite the existence of a stop sign on Stoepel Street, defendant did not apply the brakes before impact. There was no stop sign on Dover Avenue. After the accident, defendant walked back to the Varsity Lounge, where he informed Thomas that somebody hit Thomas's vehicle. Despite the obvious seriousness of the damage to [the victim's] vehicle, defendant did not alert police or emergency

services about the accident, or try to help [the victim], although he was friends with her. [*People v Crump*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2019 (Docket No. 343438), pp 1-2.]

After a jury trial, defendant was convicted of reckless driving causing death, MCL 257.626(4), and failure to stop at the scene of accident causing death, MCL 257.617. At defendant's initial sentencing, the trial court departed from the sentencing guidelines' range of 36 to 71 months' imprisonment and sentenced defendant to concurrent terms of 10 to 15 years' imprisonment for each conviction. Defendant appealed his convictions and sentences to this Court, and a panel of this Court affirmed defendant's convictions but remanded for the trial court "to either issue an order further articulating its reasons for the extent of the departure sentences or to resentence defendant." *Crump*, unpub op at 4. At a resentencing hearing, the trial court affirmed defendant's departure sentences, further articulating its reasons and explicitly finding that the extent of the departure was "reasonable given the circumstances and . . . proportionate to the offense and the offender." This appeal followed.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion if its sentence violates the principle of proportionality. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). The key test under the principle of proportionality is whether the sentence is proportionate to the seriousness of the offense and the background of the offender. *Steanhouse*, 500 Mich at 472.

## III. LAW AND ANALYSIS

Defendant argues that he is entitled to resentencing because the trial court failed to articulate why the extent of its departure from the sentencing guidelines' range was reasonable and proportionate to the circumstances of the offense and the offender. We disagree.

Factors to consider when determining the proportionality of a departure from the sentencing guidelines "include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. *Dixon-Bey*, 321 Mich App at 525 (citations omitted). Other factors that may be considered include the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. *People v Horn*, 279 Mich App 31, 45; 755 NW2d 212 (2008). When sentencing a defendant, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). Importantly, however, a trial court need not "use any formulaic or 'magic' words" to justify its departure from the sentencing guidelines. *People v Babcock*, 469 Mich 247, 259 n 13; 666 NW2d 231 (2003).

As the panel of this Court noted in the prior appeal, the trial court relied on appropriate factors in reaching its decision to depart from the sentencing guidelines, such as defendant's potential for rehabilitation, the escalating severity of defendant's crimes, the impact of the victim's death on her family, and defendant's fleeing the scene of the accident without rendering assistance. *Crump*, unpub op at 4. The focus of the remand proceedings was how these factors—or other factors that the trial court articulated on remand—supported the extent of defendant's departure sentences. After reviewing the trial court's reasoning in both the initial sentencing and the sentencing proceedings on remand, we conclude that neither the trial court's decision to depart from the sentencing guidelines nor the extent of that departure was an abuse of discretion.

At the initial sentencing hearing, the trial court relied on the following factors to impose its departure sentences: (1) defendant caused the death of a 42-year-old mother of three and "failed to render assistance following the accident," (2) defendant fled the scene of the accident, (3) defendant's lengthy and escalating criminal history, and (4) earlier rehabilitation attempts had been unsuccessful. A panel of this Court previously held that the trial court's reliance on these factors to impose its departure sentences was proper because they were either not adequately considered by the guidelines or not considered by the guidelines at all. See *Crump*, unpub op at 3-4. On remand, after reviewing the trial transcripts and considering the parties' arguments, the trial court affirmed defendant's sentences, incorporating its previous ruling and adding additional justification. In total, the trial court relied on the following seven factors to justify defendant's departure sentences: (1) defendant's escalating criminal behavior, (2) the loss to the victim's family, (3) defendant fled the scene of the crash, (4) the unsuccessful attempts at rehabilitation, (5) defendant's indifference to the harm he inflicted upon someone he knew, (6) defendant's callousness after the crash, and (7) defendant's attempt to mislead the trial court regarding the nature of his crimes. After listing these factors—all of which are either not considered by the guidelines or, in the lower court's opinion, were not adequately considered by the guidelines—the trial court found that its sentences, necessarily including the extent that the sentences departed from the guidelines, was reasonable and proportionate to the offense and the offender.

As the panel of this Court previously explained, the four factors that the trial court relied on at defendant's initial sentencing to justify its departure sentences were appropriate. We conclude that the additional three factors that the trial court relied on to justify the extent of its departure sentences—defendant's relationship to the victim, defendant's callousness after committing the crime, and defendant's attempt to mislead the trial court—were likewise appropriate because none of those factors are considered by the guidelines. See *Dixon-Bey*, 321 Mich App at 529; *Horn*, 279 Mich App at 45. On the basis of the seven valid factors relied on by the trial court in issuing its sentences, we conclude that the trial court sufficiently "articulat[ed] its reasons for the *extent* of the departure sentence[]" as directed by this Court, see *Crump*, unpub op at 4, such that it adequately explained how the departure, though significant, was proportionate to the offense and the offender.

On appeal, defendant offers a number of arguments for why, according to him, the trial court did not adequately justify the extent of his departure sentences. First, he argues that there is nothing about his previous criminal activity that strongly presages future criminal acts or escalation of criminal activity, especially in light of his youth and emotional instability. We agree with the trial court, however, that defendant's criminal history indicates an escalation and continuation of criminal activity. Defendant's criminal history began at the age of 15 and has only increased in

severity since then with multiple traffic and drug related charges. None of the punishments that defendant received for those offenses appears to have helped, and defendant only continues to commit more severe crimes as time goes on. While defendant points out on appeal that he successfully completed probation once before, defendant apparently took little from that attempt at rehabilitation, as evidenced by the instant offense. We therefore agree with the trial court that defendant's repeated and failed rehabilitation attempts suggest that he is likely to engage in criminal activity, including potentially more severe criminal activity, again in the future.

Second, defendant argues that the trial court relied on the same reasons for its departure sentences before and after remand, and a panel of this Court previously ruled that the reasons given by the trial court did not adequately justify the extent of its departure sentences. While it is true that the trial court relied on many of the same factors at each sentencing hearing, it is not true that the trial court simply restated those same reasons. As requested by this Court, the trial court provided additional explanation and elaboration on its reasons for relying on those factors, and adequately explained the extent of its departure. Defendant counters that the trial court failed to explain why it chose a 49-month departure rather than a 10- or 20-month departure, but neither this Court's remand order nor caselaw requires a sentencing court to justify its length of departure against every other hypothetical departure amount. The trial court was simply asked to further articulate its reasoning for the extent of its departure sentences, which it did.

Third, defendant argues that the trial court incorrectly relied on defendant having failed to take responsibility for his actions. In support of this argument, defendant cites this Court's language in *People Conley*, 270 Mich App 301, 314; 715 NW2d 377 (2006), that "a court cannot base its sentence even in part on a defendant's refusal to admit guilt." Defendant is correct that the trial court admonished defendant about his tendency to try to avoid responsibility for his actions, but nothing about the trial court's admonition implied that it was relying on defendant's refusal to admit guilt as a basis for its departure sentences. Rather, the trial court was referencing defendant's fleeing the scene of the crash without offering assistance to his friend, the victim, as well as defendant's subsequent attempts to diminish the severity of his crimes during the sentencing proceedings. Admitting guilt was not relevant to this assessment.

Fourth, defendant argues that, when compared to a hypothetical defendant with the same criminal history and sentencing guidelines score, the trial court's upward departure is not a proportionate or reasonable sentence based on the circumstances of the offense or the offender. This argument is unavailing because there is no requirement in our caselaw for the trial court to compare defendant to a hypothetical similarly-situated defendant.[1] For similar reasons, defendant's argument that the trial court failed to state why defendant's actions were unique when compared to another defendant convicted of the same offenses is unavailing—the trial court was

---

[1] We also note that measuring a sentence by comparing it to other guidelines sentences becomes less useful if a lower court is considering a factor not considered by the guidelines or the court believes that the guidelines do not adequately reflect the seriousness of a given factor. The guidelines only go so high, and if a trial court believes that a defendant's offense or background is so severe as to exceed the highest possible guidelines' score, then comparing different guidelines scores becomes less useful.

not required to explain the difference between defendant's conduct and the conduct of a hypothetical defendant with the same convictions. As noted above, the trial court's only task on remand was to provide a more fully-detailed explanation for its proportionality determination.

Fifth and finally, defendant claims that the trial court simply wanted to give defendant the maximum sentences it could. Defendant is correct that the trial court stated: "[I]f I could have sentenced you to a term greater than ten to fifteen years I would have." We disagree with defendant, however, that the trial court meant that it wanted to give defendant the maximum sentences it could regardless of the sentencing guidelines. Rather, when considered alongside the trial court's lengthy reasoning for its sentences, we interpret the trial court as saying that, in light of defendant's offense and background, it believed that a harsher punishment was warranted, but it was constrained from imposing such a sentence. Interpreted in this way, the trial court's statement clearly does not reflect a violation of the principle of proportionality, and therefore it cannot be said that the trial court's sentences were an abuse of discretion.

For these reasons, the trial court did not abuse its discretion in affirming defendant's sentences on remand.[2]

IV. CONCLUSION

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood

---

[2] In light of our decision to affirm defendant's sentences, defendant's argument that this case should be assigned to a different judge on remand is moot. See *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346 (2021).