*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSEPH GERALD SPRY,

      Defendant-Appellant.

UNPUBLISHED
April 13, 2023

No. 359865
Montmorency Circuit Court
LC No. 2020-004818-FC

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The sentencing guidelines recommended a minimum sentencing range of 10 to 23 months' imprisonment for defendant's AWIGBH conviction. The trial court departed upward from the guidelines and sentenced defendant to 38 months to 10 years in prison for the AWIGBH conviction. Defendant contests the upward departure, arguing that his sentence was disproportionate. We affirm.

## I. BACKGROUND

Defendant's convictions arise from a September 10, 2020 shooting incident that occurred at the home of his former girlfriend. A few weeks before the incident, defendant had moved some of his belongings out of the home. But defendant continued to stay at the home. On the day of the shooting, his former girlfriend had two male visitors over to look at her leaking roof. Defendant accused one of the men of "sleeping and messing around with" his former girlfriend. A verbal altercation ensued between the men. Defendant pulled out a gun. Defendant pointed the gun at the victim's chest and forehead, and touched the gun to the victim's forehead. The victim pushed the gun away. Defendant started shooting. He fired nine shots, two of which hit the victim's leg. The victim fled to a bedroom, attempting to hide from defendant. Defendant claimed that all nine shots were fired in self-defense. A video of the event, which was recorded by another visitor to the home, was played for the jury at trial.

-1-

Defendant was charged with assault with intent to murder, MCL 750.83, and felony-firearm. Ultimately, the jury found defendant guilty of the lesser offense of AWIGBH and felony-firearm. The sentencing guidelines recommended a minimum sentencing range of 10 to 23 months' imprisonment for defendant's AWIGBH conviction. Defendant's attorney requested that the court depart downward from the recommended minimum sentence. The prosecution requested an upward-departure. The trial court sentenced defendant to 38 months to 10 years' imprisonment for his AWIGBH conviction and two years' imprisonment for the felony-firearm conviction, with 410 days served. Defendant now appeals.

## II. DEPARTURE SENTENCE

Defendant argues that the trial court abused its discretion by imposing a disproportionate sentence that fell outside the applicable guidelines range. We disagree.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When reviewing a departure sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (cleaned up). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *People v Boykin*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 157738, 158695); slip op at 6. "The existence of a departure factor is a factual question reviewed for clear error on appeal." *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022).

In *Dixon-Bey*, 340 Mich App at 296 (cleaned up), we explained:

> A number of factors have been deemed appropriate to consider when determining the proportionality of a departure sentence, including the seriousness of the offense; factors not accounted for by the guidelines, such as the prior relationship between the victim and the defendant, a lack of remorse, or a low potential for rehabilitation; and factors accounted for by the guidelines but given inadequate weight under the circumstances. Departures are appropriate when the guidelines do not adequately account for important factors legitimately considered at sentencing.

"An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *Boykin*, ___ Mich at ___; slip op at 7. But "these are not the only relevant sentencing criteria and trial courts are not required to consider each of these factors when imposing a sentence." *Id.*

When a court imposes a departure sentence, its "articulation must be sufficiently detailed to facilitate appellate review." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. And the court must explain "the *extent* of the departure independent of the reasons given to impose a departure sentence." *Id*. at 305-306.

However, a "trial court is not required to use any formulaic or 'magic' words in doing so." *People v Babcock*, 469 Mich 247, 259 n 13; 666 NW2d 231 (2003).

We are not persuaded that the challenged departure sentence is disproportionate to the seriousness of the offense of which defendant was convicted and defendant's background. In departing by 15 months from the minimum sentencing guidelines range, the court considered rehabilitation, deterrence, and punishment. In terms of rehabilitation, the court told defendant that he needed to learn the appropriate circumstances to use a firearm. The court recognized that even if it accepted defendant's suggestion that the victim had "bullied" defendant, defendant did not just point the firearm at the victim; defendant fired multiple shots at the victim at close range, which could have taken the victim's life. The court stated, "We can't just use firearms because people are mean to us." The court took into consideration that it not only had to teach defendant that he cannot act in this manner in the future, but it also had to teach other individuals that they cannot act like defendant did in this incident. The court also considered whether the guidelines minimum sentence range reflected the severity of the crime, and agreed with the prosecution "that the guidelines don't do it justice." The court believed that the severity of the offense, particularly the fact that defendant shot at the victim nine times, justified the court's upward departure from 23 months to 38 months for the minimum sentence. Defendant has not demonstrated any basis for concluding that the principle of proportionality was violated. *Steanhouse*, 500 Mich at 471. Because the sentence was proportionate to the offense and offender, the trial court did not abuse its discretion when it imposed a 38-month minimum prison sentence.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado