*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
June 22, 2023

v

No. 359641
Genesee Circuit Court
LC No. 18-043202-FH

BARRY ALAN KNOWLES,

      Defendant-Appellant.

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I agree with much of the majority's analysis and with its determination to affirm defendant's conviction. I part company only with respect to the majority's conclusion that the trial court abused its discretion by allowing the prosecution to play the video footage of defendant's conduct earlier that day and by allowing Phillip and Crystal Hubbard to testify about the footage and the overall history of their conflict with defendant. In my judgment, that discretionary decision fell within the "principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Although some of the evidence might have been cumulative or unnecessary, I would not find, particularly in light of the admitted evidence about defendant's behavior, that the challenged evidence was more prejudicial than probative. MRE 403; *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998) ("Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury."). Because the trial court had the discretion to admit evidence and instructed the jury that the evidence was only to be considered when determining the lawfulness of the arrest, I would not find error. I agree, however, that any error was harmless.

/s/ Mark T. Boonstra