*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MAURICE DESHAUN MCNEELY,

      Defendant-Appellant.

UNPUBLISHED
February 15, 2024

No. 352830
Wayne Circuit Court
LC No. 19-006172-01-FC

## ON REMAND

Before: CAVANAGH, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f(1), and two counts of possession of a firearm during the commission of a felony, second offense, MCL 750.227b, arising from a fatal shooting that occurred in 2019. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 65 to 100 years for the murder conviction, and 2 to 10 years for the felon-in-possession conviction, to be served consecutive to two five-year terms of imprisonment for the felony-firearm convictions. Defendant raised several issues on appeal, challenging the effectiveness of his counsel and his sentence. We affirmed. *People v McNeely*, unpublished per curiam opinion of the Court of Appeals, issued December 16, 2021 (Docket No. 352830).

Defendant sought leave to appeal from the Michigan Supreme Court in January 2022, and the matter was held in abeyance. *People v McNeely*, 974 NW2d 197 (2022). Ultimately, in November 2023, in lieu of granting leave to appeal, the Supreme Court vacated our judgment "to the extent that it was inconsistent with" its recent decision in *People v Posey*, 512 Mich 317; ___ NW3d ___ (2023), but denied leave to appeal in "all other respects." *People v McNeely*, 997 NW2d 186 (2023). It appears that the relevant issue addressed in both this case and in *Posey* pertained to a sentencing issue; particularly, whether a within-guidelines sentence may be reviewed for reasonableness. In this case, defendant had argued that his 65-year (780 months) minimum sentence was disproportionate and unreasonable. This Court held that because the trial

court rendered a sentence within the applicable guidelines range, which was 315 to 787 months, "his sentence may not be reviewed for reasonableness." *McNeely*, unpub op at 11-12.

In *Posey*, however, the Michigan Supreme Court held that regardless of the sentencing regime in place at the time of sentencing, i.e., judicial sentencing guidelines or legislative sentencing guidelines, the Supreme Court "has consistently required sentencing decisions to be based on the principle of proportionality" meaning that "appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at ___; slip op at 29. The *Posey* Court held that the proportionality test to be applied is outlined in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Id*. at 32-33. The *Posey* Court concluded that "the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional," and therefore, severed. *Id*. at 29-30, 37. However, the *Posey* Court held, "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Posey*, 512 Mich ___; slip op at 36. In other words, a within-guidelines sentence is presumed to be proportionate, but the defendant may overcome that presumption; thus, a within-guidelines sentence is not insulated from appellate review. *Id*. Accordingly, in *Posey*, because this Court had affirmed the defendant's within-guidelines sentence on the ground that review was precluded by MCL 769.34(10), the Supreme Court reversed that part of this Court's opinion addressing sentencing and remanded for review of the within-guidelines sentence for reasonableness, applying a "nonbinding rebuttable presumption of proportionality." *Id*. at 37. On remand of this case, we apparently are to do the same because we, too, affirmed defendant's sentence on the ground that review of his within-guidelines sentence was precluded by MCL 769.34(10). *McNeely*, unpub op at 11-12.

As discussed above, the proportionality test to be applied in appellate review of sentences for reasonableness requires that sentences "be proportionate to the seriousness of the circumstances surrounding the offense and the offender," as stated in *Milbourn*, 435 Mich at 636. The *Milbourn* Court explained:

> When the legislative scheme for criminal sentencing is viewed across the spectrum of crimes from misdemeanor traffic violations to cold-blooded murders, two aspects are immediately clear. First, the Legislature has endeavored to provide the most severe punishments for those who commit the most serious crimes. The crime of murder, for example, is punishable by a longer term than is the lesser included crime of assault. Second, offenders with prior criminal records are likewise subject to harsher punishment than those with no prior convictions, as reflected in the general and specific habitual offender provisions of the penal statutes. These two elements combine to form what might be called the "principle of proportionality." [*Id*. at 650.]

In *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003), our Supreme Court stated the principle more simply: "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." More recently, in *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022), our Supreme Court again explained that "[a]n appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the

deterrence of others from committing the same offense." But, that Court cautioned, "these are not the only relevant sentencing criteria and trial courts are not required to consider each of these factors when imposing a sentence." *Id*. at 183-184. In other words, there is no specific formula to follow when fashioning an appropriate sentence but the sentence must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636; see also *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

In this case, we had set forth the facts underlying defendant's convictions as follows:

Defendant's convictions arise from the fatal shooting of Martis James at a street party in Detroit late on July 4, 2019. At trial, the prosecutor argued that, after arriving at the party, defendant got into a car with friends. At one point, the victim and another man were involved in a confrontation that ended soon after it started. Afterward, defendant left the car, approached the victim, and made a comment to him. The victim responded by remarking that he did not know defendant. At that point, defendant pulled a gun from his pocket, shot the victim once in the chest, and then fled the scene. Defendant was later arrested in West Virginia. [*McNeely*, unpub op at 1.]

During sentencing, the trial court noted that these crimes were committed while defendant was on parole, after having been recently released from prison on previous convictions of assault with intent to murder and felony firearm arising from defendant having shot someone else. The court noted that the victim in this case, Martis James, was shot for no apparent reason and, in fact, defendant did not even know the man. This was purely an act of senseless violence. The record showed that this fatal shooting occurred in front of multiple people—who also could have been injured, including members of the victim's family. The trial court noted that defendant had an extensive criminal record and a history of violence which necessitated that the community be protected from defendant and that a severe punishment was warranted.

Defendant argues on appeal that his sentence was disproportionate and unreasonable because his 65-year minimum sentence is essentially a death sentence. Defendant claims that this sentence is not proportionate to his circumstances and the circumstances of the offense, but provides no explanation in that regard. We reject his argument and conclude that the trial court did not abuse its discretion in rendering this sentence. Defendant had an extensive, violent criminal history. He had already spent about 11 years in prison for shooting someone else—with the intent to murder—and had been paroled only about six months before he shot and killed the victim in this case for no apparent reason. Defendant shot the victim at a public gathering in the vicinity of numerous other innocent people without regard for the potential catastrophic consequences. This was a cold-blooded murder—a most egregious offense in the spectrum of crimes and warranting the most severe punishment. See *Milbourn*, 435 Mich at 650. Previous attempts at reformation clearly were unsuccessful, establishing that defendant has a low potential for rehabilitation. See *Babcock*, 469 Mich at 263. Defendant has proven with his long and violent criminal history that he is a danger to the community and to society in general. See *Boykin*, 510 Mich at 183. In challenging his 65-year minimum sentence, defendant bore the burden of demonstrating that his within-guidelines sentence is unreasonable or disproportionate," *Posey*, 512 Mich ___; slip op at 36, and defendant has wholly failed to carry his burden. Therefore, we conclude that defendant's

65-year minimum sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Michael J. Kelly