*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 21, 2024

v

DEMETRIUS FITZGERALD JENKINS,

        Defendant-Appellant.

No. 351557
Lenawee Circuit Court
LC No. 18-019226-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMETRIUS FITZGERALD JENKINS,

        Defendant-Appellant.

No. 351558
Lenawee Circuit Court
LC No. 18-019227-FC

ON REMAND

Before: CAVANAGH, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Defendant was convicted by a jury of delivery of a controlled substance causing death, MCL 750.317a, arising from the death of Milton Reynolds, and delivery of a controlled substance causing death arising from the death of Joshua Torres. Defendant was sentenced to concurrent terms of 225 months' to 80 years' imprisonment. Defendant challenged his convictions and sentences on appeal, and we affirmed. *People v Jenkins*, unpublished per curiam opinion of the Court of Appeals, issued July 1, 2021 (Docket Nos. 351557; 351558).

Defendant sought leave to appeal from the Michigan Supreme Court and the matter was held in abeyance. *People v Jenkins*, 967 NW2d 622 (2022). In November 2023, in lieu of granting

-1-

leave to appeal, the Supreme Court vacated our judgment "to the extent that it is inconsistent with" its recent decision in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023), but denied leave to appeal in "all other respects." *People v Jenkins*, 997 NW2d 210 (2023). The relevant issue addressed in both this case and in *Posey* was a sentencing issue, i.e., whether a within-guidelines sentence may be reviewed for reasonableness. In this case, defendant had argued that his minimum sentences were disproportionate. This Court held that because the trial court rendered a sentence within the applicable guidelines range, there was no scoring error, and defendant did not claim that the trial court relied on inaccurate information, the minimum sentence must be affirmed under MCL 769.34(10). *Jenkins*, unpub op at 12.

In *Posey*, however, the Michigan Supreme Court held that "appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 352. The *Posey* Court held that the proportionality test to be applied is outlined in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Id.* at 355. The *Posey* Court concluded that "the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional," and therefore, severed. *Id.* at 352, 359-360. But, the *Posey* Court held, "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Id.* at 359. So, a within-guidelines sentence is presumed to be proportionate, but the defendant may overcome that presumption; thus, a within-guidelines sentence is subject to appellate review. *Id.* Accordingly, in *Posey*, because this Court had affirmed the defendant's within-guidelines sentence on the ground that review was precluded by MCL 769.34(10), the Supreme Court reversed that part of this Court's opinion addressing sentencing and remanded for review of the within-guidelines sentence for reasonableness, applying a "nonbinding rebuttable presumption of proportionality." *Id.* at 360. On remand of this case, we must do the same because we also affirmed defendant's sentences on the ground that review of his within-guidelines sentences was precluded. *Jenkins*, unpub op at 12.

As stated in *Milbourn*, 435 Mich at 636, the proportionality test to be applied in appellate review of sentences for reasonableness requires that sentences "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." The *Milbourn* Court explained:

> When the legislative scheme for criminal sentencing is viewed across the spectrum of crimes from misdemeanor traffic violations to cold-blooded murders, two aspects are immediately clear. First, the Legislature has endeavored to provide the most severe punishments for those who commit the most serious crimes. The crime of murder, for example, is punishable by a longer term than is the lesser included crime of assault. Second, offenders with prior criminal records are likewise subject to harsher punishment than those with no prior convictions, as reflected in the general and specific habitual offender provisions of the penal statutes. These two elements combine to form what might be called the "principle of proportionality." [*Id.* at 650.]

In *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003), our Supreme Court summarized that "the more egregious the offense, and the more recidivist the criminal, the greater the punishment." And in *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022), our Supreme

Court explained that "[a]n appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." See also *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

In his appeal, defendant challenges his sentences as disproportionate and unreasonable. Because the trial court sentenced defendant within the guidelines' recommended range, a nonbinding rebuttable presumption of proportionality exists. *Posey*, 512 Mich at 360. And defendant bears the burden of overcoming that presumption. *Id*. at 359. When reviewing a sentence for reasonableness, this Court's role is to determine whether the trial court abused its discretion by violating the principle of proportionality in rendering its sentence. *Steanhouse*, 500 Mich at 459-460.

Defendant's convictions arise from selling what was supposed to be cocaine; four men snorted it and two died from a heroin overdose and two became ill but survived. Defendant argues that his sentences were unreasonable and disproportionate because his offenses were "not serious in the scheme of offenses of this nature" and he has potential for rehabilitation because he has a high school diploma. Defendant has failed to carry his burden of overcoming the presumption that his within-guidelines minimum sentences were disproportionate and unreasonable.

During sentencing, the trial court stated that it considered several factors in fashioning defendant's sentences including the seriousness of the offense, defendant's history, the statutory penalty, the principle of proportionality, the sentencing guidelines, the presentence investigation report (PSIR), the comments made at the sentencing hearing, the deterrence against repetition of this offense by defendant and others, his potential for reformation, and the protection of society. These are all relevant considerations. While defendant argues that his offenses were not serious, two people were killed by the illegal drugs that he sold them—which was not cocaine as the victims believed they had purchased. In other words, this is not a case where the victims knowingly purchased and ingested a drug that killed them; rather, the victims unknowingly purchased and ingested a completely different drug than the drug they believed they purchased from defendant and it killed them. It is mere happenstance that defendant's drugs did not kill the two other men who also unknowingly ingested heroin instead of cocaine—in which case defendant would have faced four counts of delivery of a controlled substance causing death instead of two counts. We also reject defendant's claim that the trial court did not rightfully consider his potential for rehabilitation. Defendant had been in prison before and, upon his release, continued to commit serious criminal offenses, including drug trafficking. Although defendant had a high school diploma, according to the PSIR, defendant had no legitimate employment or verifiable income for several years.

We conclude that the trial court did not abuse its discretion by violating the principle of proportionality in rendering its 225-month minimum sentences for defendant's convictions. See *Steanhouse*, 500 Mich at 459-460. That is, defendant's sentences are "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. Defendant bore the burden of demonstrating that his within-guidelines sentences were disproportionate but he failed to carry his burden. See *Posey*, 512 Mich at 359-360. The sentences appropriately take into consideration "the reformation of the offender, the protection of society,

the discipline of the offender, and the deterrence of others from committing the same offense." See *Boykin*, 510 Mich at 183.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Anica Letica