*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD CARL FISCHER,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 353569
Ionia Circuit Court
LC No. 2018-017635-FH

ON REMAND

Before: CAMERON, P.J., and LETICA and RICK, JJ.[1]

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court "for reconsideration in light of [*People v*] *Posey* [*(Posey II)*, 512 Mich 317; 1 NW3d 101 (2023)]." *People v Fischer*, 997 NW2d 189 (Mich, 2023). Having considered the change in law set forth in *Posey II*, we again affirm.

## I. FACTUAL BACKGROUND

As noted in our prior opinion, defendant was convicted of three counts of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*), in relation to a series of drug deals in which he sold methamphetamine to a police informant. *People v Fischer*, unpublished per curiam opinion of the Court of Appeals, issued December 16, 2021 (Docket No. 350442; 353569). At sentencing, the trial court stated:

> I don't buy that this is because of your use of meth that you're hooked on meth. I don't buy that. When I sat through this trial and I saw what was going on, you were laughing about delivering methamphetamine. You were having a good time

---

[1] Judge Letica has been designated to serve in the stead of former Judge Amy Ronayne Krause, who sat on the panel that heard this case on direct appeal.

delivering methamphetamine. It was just business as usual for you. I didn't see somebody that was having a hard time and strung out on methamphetamine. I saw somebody that is just putting this crap out into our community on a regular basis. So I don't buy any of that, sir. And I think that we need to take that serious [sic] because there are people, as a result of folks like you, that get hooked on methamphetamine and then start a downhill spiral, which costs all of our community a lot of headaches.

The other thing that frustrates me is after a jury trial I didn't have the People request to revoke your bond. I was not certain why. But with all the problems with this case maybe it made sense from the People's perspective, and I can understand that. But I asked you are you gonna (sic) show up tomorrow? Are you gonna (sic) be here? Oh yeah, Judge, I'll be here and what did you do? You basically just thumbed your nose at the court and took off. And then we had to do an arrest warrant and find you. So I question the sincerity of anything that you've said here this morning.

In spite of all that, I'm not gonna (sic) follow the recommendation. I do think that at—what was your age here again—I do think that at 36 with some time with the Department of Corrections you certainly could be rehabilitated. You could come out and be a productive member of society, but that's a choice you're gonna (sic) have to make because it's clear to me you're not a drug addict. You're a drug pusher and there's a difference and there's gonna (sic) be punishment for that, but I don't know that that prohibits you from having a law abiding life once you're out of the Department of Corrections.

The court sentenced defendant to concurrent terms of 10 to 40 years' imprisonment for each conviction. *Fischer*, unpub op at 1.

Defendant moved for the correction of his prior record variable (PRV) score, successfully earning a 40-point reduction in his overall score after demonstrating that PRV 1 should not have been scored at 50 points because two of his out-of-state felonies were not high-severity felonies. See MCL 777.51. This lowered his minimum sentencing guidelines range from 72 to 240 months to 51 to 170 months. Defendant was later resentenced as a result of the change in his sentencing guidelines, but the trial court ultimately elected to impose the same sentence. The court observed that prior to his conviction in the instant matter, defendant successfully graduated from the Ionia County Drug Court program and completed three years of probation in relation to a separate offense. However, the court noted that defendant apparently failed to benefit from the services provided through Ionia County's specialty court system. The court stated:

It's important to keep in mind, that's against a backdrop, Mr. Fischer, of somebody that appeared before the Court with five prior felonies, one prior misdemeanor. A substantial criminal history, any way you look at it; particularly, as it relates to your felonious criminal history. You also stood before the Court, same thing today, as somebody who's had the advantage, maybe the opportunity is a better word, to take ahold of the best that the courts have to offer.

-2-

* * *

We cherry-pick the people that are most likely to succeed, instead of dumping everybody in the program, and if the program truly works, it would work for everybody. You were one of the people that we were able to cherry-pick. You qualified.

You were one of the ones most likely to succeed, so we gave you the best tool we have. The tool that is recognized, again, by our Supreme Court. You can't get on Twitter today without some justice of the Supreme Court talking about what specialty court graduation they're going to. They tell us they work. You didn't take advantage of that opportunity.

* * *

The Court had the opportunity to sit through the trial. Unlike a lot of trials, the Court also had the opportunity to actually hear audio recordings of your voice dealing with the CI and dealing with the sale of these drugs . . . . What I heard was a cold, laughing, a lot of laughing, business as usual. That's the way I'd put it, business as usual sale of poison into our community.

So while you may use it, I don't know, you certainly didn't look or sound like somebody that's a heavy user of methamphetamine. Because we've all seen those people, we know what it looks like. It was more, in the Court's opinion, this is just Chad Fischer the dope dealer, the guy that pumps poison into the community, the person that we should remove from the community, not because you're convicted of it, but because you're convicted of it multiple times, while having an underlying foundation of five felonies. You're just a repeat felon . . . now pumping poison into the community.

The court noted that while in prison, defendant incurred a number of minor misconduct tickets, including one for destroying a prison uniform and one for stealing sugar packets. The court stated:

It may just be a pair of shorts, it may be some packets of sugar, but that's how we define character, right, Mr. Fisher [sic]? Character is what somebody does when nobody is watching, and those two examples are what you do when nobody is watching; you break the rules. I don't think that they're minor. I think they speak to your character. I think they speak to a felon who pumps poison into our community.

Mr. Fischer, what I'm going to do today is give you the same sentence you received before. Like I said, I like to be at the middle. I was at the middle. I have new information to consider here today, and that information doesn't suggest, it screams, at least to the Court, "Mr. Fischer has not changed his ways. Mr. Fischer is going to continue to do what Mr. Fischer wants to do, whether it be in the Department of Corrections, or out in the community."

At the conclusion of these statements, the court again sentenced defendant to 10 to 40 years' imprisonment for each conviction.

Defendant's convictions and sentences were affirmed on direct appeal. *Fischer*, unpub op at 1. Defendant appealed to our Supreme Court, which held the case in abeyance pending the outcome in *Posey II*. *People v Fischer*, 973 NW2d 124 (Mich, 2022). After the Supreme Court issued *Posey II*, it subsequently remanded this case for reconsideration in light of that case. *People v Fischer*, 997 NW2d 189 (Mich, 2023).[2]

## II. ANALYSIS

On remand, we again conclude that defendant's sentences were reasonable and proportionate. He is not entitled to resentencing.

On direct appeal, we noted that we were obligated to affirm defendant's within-guidelines sentences in accordance with MCL 769.34(10). *Fischer*, unpub op at 1-2. In *Posey II*, 512 Mich at 349, our Supreme Court overruled the portion of *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), requiring appellate courts to affirm within-guidelines sentences under MCL 769.34(10). The *Posey II* Court found that MCL 769.34(10) violates a defendant's Sixth Amendment rights by "necessarily render[ing] the guidelines mandatory." *Posey II*, 512 Mich at 352. Thus, this Court now reviews a defendant's within-guidelines sentence in the same manner as it would a departure sentence. The proportionality of a sentence is reviewed for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). Under *Posey II*, 512 Mich at 359, "within-guidelines sentences are to be reviewed for reasonableness . . . applying a presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate[.]"

In *People v Posey (Posey III)*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 345491), this Court set forth the general principles applicable to the review of sentences as follows:

> In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), the Michigan Supreme Court observed:
>
>> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

---

[2] We note that this case was previously consolidated with Docket No. 350442. This Court deconsolidated the cases on February 9, 2024, "because the appeal in Docket Number 350442 is no longer pending in this Court." *People v Fischer*, unpublished order of the Court of Appeals, entered February 9, 2024 (Docket No. 353569).

"An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id*. In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Milbourn*, 435 Mich at 668. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263, 666 NW2d 231 (2003). [*Posey III*, slip op at 2-3.]

Defendant has not submitted a supplemental brief on appeal. On direct appeal, he argued that his sentence was unreasonable and disproportionate, contending that the trial court failed to consider a number of mitigating factors, including the reduction in his PRV total, his struggle with addiction, and his potential for rehabilitation. Generally, "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). Even so, a review of the trial court's statements at sentencing and at resentencing indicate that the court considered the totality of defendant's conduct, including his lengthy criminal history, his apparent failure to benefit from drug court programming, as well as his potential for rehabilitation. It also considered the general factors set forth in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). The court examined the nature of defendant's crimes, observing that defendant was behaving more like a "drug pusher" than a drug addict, and stating that such behavior needed to be punished. The court also considered the protection of society, finding that defendant's actions were damaging to the community and helped to perpetuate the cycle of addiction. The court weighed defendant's current offenses and his criminal history, which included repeat drug offenses, against his potential for rehabilitation, going so far as to tell him that "at 36 with some time with the Department of Corrections you certainly could be rehabilitated." Thus, the trial court properly considered rehabilitation, deterrence, protection of society, and punishment, and gave a measured and reasonable rationale for its sentencing decision.

Defendant also claims that at resentencing, the trial court used his misconduct in prison as its primary rationale for imposing the same sentence. The record belies this claim, as defendant's misconduct in prison was merely one of many factors considered at resentencing. The court noted that it had reviewed the new information in front of it. Even having done so, the court was not convinced that the reduction in defendant's overall PRV score was a sufficient reason to reduce his sentence, despite the overall reduction in his minimum sentencing guidelines range. It gave a detailed explanation for sentencing defendant as it did. Again, the trial court considered defendant's current crime, his criminal history, his failure to benefit from drug court programming, the danger his actions posed to the public, and the need for punishment in detail. In every respect, the trial court adequately supported its decision to sentence defendant to 10 to 40 years' imprisonment for each of his convictions, and established that the sentence was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 474. Accordingly, defendant is not entitled to resentencing.

Affirmed.

/s/ Thomas C. Cameron
/s/ Anica Letica
/s/ Michelle M. Rick