*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
September 19, 2024

v

No. 368254
Barry Circuit Court
LC No. 2023-000463-FH

MARIO JAVIER VELASQUEZ,

       Defendant-Appellant.

Before: N. P. HOOD, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant, Mario Javier Velasquez, pleaded guilty to operating while intoxicated, third offense (OWI 3rd), MCL 257.625(9)(c). The trial court sentenced defendant to serve 36 to 60 months' imprisonment. Defendant appeals by leave granted,[1] arguing that the trial court's out-of-guidelines sentence was disproportionate. For the reasons stated in this opinion, we vacate defendant's sentence and remand for the trial court to articulate a basis for the upward departure or to resentence defendant.

## I. PROCEDURAL AND FACTUAL HISTORY

This case arises out of an incident in which defendant operated a motor vehicle and parked it on the side of a public road. Barry County Sheriff Deputies found defendant unresponsive in the motor vehicle with the engine running. Defendant was arrested, and his blood alcohol level was .24 grams per 100 milliliters of blood. Because defendant had two prior OWI misdemeanor convictions, defendant was charged with OWI 3rd, which is a felony. MCL 257.625(9)(c). He pleaded guilty pursuant to a plea agreement.

---

[1] *People v Velasquez*, unpublished order of the Court of Appeals, entered November 29, 2023 (Docket No. 368254).

Defendant's minimum sentencing guidelines range was zero to six months' incarceration. The trial court imposed an out-of-guidelines sentence of 36 to 60 months' imprisonment after the following explanation:

> Okay. This is one of those cases, where I'm gonna put this on the record, because I'm going to go above the guidelines. When I—when I was reading these files last week, I read this file and he's a third time drunk driver. And the guidelines say zero to six months in jail, for a third time, for a felony. For a five[-]year felony. Then I read another file, a couple minutes later, it's a woman who's going to be sentenced today, and her only prior was like a retail fraud and I think this was a resist and obstruct charge, a two[-]year felony. So a lesser charge, and the guidelines were zero to nine months. So, the guidelines say that that person with a much lesser [sic], serious record, should be sentenced to less than this person. That's when you lose complete faith in the guidelines.

> In 2015 the Michigan Supreme Court made it clear that the sentencing guidelines were advisory. That was in the case of *Lockridge*. The *Lockridge* Court said, and I quote, "a sentencing court may depart from the sentencing guidelines without a substantial or compelling reason to do so. But must still justify the sentence imposed in order to facilitate appellate review." It doesn't say that I need to address the OVs or PV—PVs. It doesn't say that I need to give five reasons or two reasons. It doesn't say that I even need to give a substantial reason. Just that I need to justify, give a reason for going above the guidelines.

> The guidelines are—or the sentencing I should say, has four objectives. Rehabilitation, deterrence, punishment, and incapacitation while someone undergoes rehabilitation. The key test has become whether the sentence is proportionate to the seriousness of the matter. Not whether it departs or adheres to the guidelines recommended range. That's from *Steanhouse*. In this particular case, there are many reasons why I'm going above the zero to six months. Zero to six months that's—that's could be a first time, or second time drunk driver. You can even give more than that. This is a third time drunk driving. The defendant was three times the legal limit. He's had multiple prior opportunities for rehabilitation. For counseling. For probation. It's clear that this defendant is a danger to society. He's unwilling or unable to stop drinking. Even knowing that more than jail or prison, he could be deported. He's had prior incrimination—incarceration.

> For all of those reasons, the Court is going to go above the guidelines here. I believe that a reasonable sentence and a sentence that is clearly proportionate to an operating while intoxicated third offense is 36 to 60 months in the Michigan Department of Corrections with credit for nine days served.

Defendant moved to correct an invalid sentence, which was unopposed by the prosecution. The trial court denied the motion. Defendant now appeals by leave granted.

## II. OUT-OF-GUIDELINES SENTENCE

Defendant argues that his sentence violated the principle of proportionality and that the trial court abused its discretion because the justifications articulated by the trial court were inadequate to support his upward-departure sentence.[2] We agree the trial court did not adequately articulate its reasons for the extent of the departure, and in so doing, it did not explain why the sentence was proportionate.

Sentences that depart from the guidelines are reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). Instead of measuring proportionality by reference to deviations in the guidelines, the principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460. "The existence of a [factor supporting a sentencing departure] is a factual question reviewed for clear error on appeal." *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022) (*Dixon-Bey II*).

The sentencing guidelines are advisory, not mandatory. *Lockridge*, 498 Mich at 391. "[A]lthough the guidelines can no longer be mandatory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (*Dixon-Bey I*). However, under the principle of proportionality, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 472 (quotation marks and citation omitted).

When a trial court imposes an out-of-guidelines sentence, it "must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey I*, 321 Mich App at 525 (quotation marks and citation omitted). This Court may not "speculate about conceivable reasons for departure that the trial court did not articulate or that cannot reasonably be inferred from what the trial court articulated." *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008). As this Court has noted:

> A number of factors have been deemed appropriate to consider when determining the proportionality of a departure sentence, including the seriousness of the offense; factors not accounted for by the guidelines, such as the prior relationship between the victim and the defendant, a lack of remorse, or a low potential for rehabilitation;

---

[2] The prosecution does not object to this case being remanded to the trial court so that the trial court may articulate why the extent of the departure was warranted or to resentence defendant.

and factors accounted for by the guidelines but given inadequate weight under the circumstances. [*Dixon-Bey II*, 340 Mich App at 296.]

The extent of an out-of-guidelines sentence—not merely the departure itself—must also satisfy the principle of proportionality. *People v Milbourn*, 435 Mich 630, 660; 461 NW2d 1 (1990), abrogation recognized by *Steanhouse*, 500 Mich at 471-472. However, "[a] departure sentence does not need to be arithmetically measured." *People v Lawhorn*, 320 Mich App 194, 211; 907 NW2d 832 (2017).

In this case, defendant's minimum sentencing guidelines range was zero to six months' incarceration; however, the trial court sentenced defendant to six times the recommended guidelines range, imposing a sentence of 36 to 60 months' imprisonment. Before articulating its reasoning for the upward departure, the trial court first engaged in a comparison between defendant and his conviction and another defendant who was convicted of resisting and obstructing, MCL 750.81d, and had a prior retail fraud conviction, but had a higher minimum sentencing guidelines range than defendant. The trial court concluded that this comparison is "when you lose complete faith in the guidelines." A trial court is free to express its disagreement with the sentencing guidelines. However, to the extent that the trial court relied on the comparison between defendant and another defendant with a distinct criminal history and an entirely different felony conviction, this does not address the individual circumstances of the offense and offender in this case. See *Steanhouse*, 500 Mich at 459-460.

Next, the trial court stated that there were several reasons to depart from the guidelines. The trial court relied on the fact that defendant's blood alcohol level was three times the legal limit. However, this was accounted for by the sentencing guidelines. Defendant was assessed 20 points for Offense Variable (OV) 18 because he had a blood alcohol level of .24 grams per 100 milliliters of blood. Twenty points is assessed under OV 18 when "[t]he offender operated a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive when his or her bodily alcohol content was 0.20 grams or more per 100 milliliters of blood . . . ." MCL 777.48(1)(a). The trial court did not explain how the guidelines gave inadequate weight to this factor. See *Dixon-Bey II*, 340 Mich App at 298.

The trial court also articulated that defendant was a danger to society because he was unwilling or unable to stop drinking even though he faced incarceration or deportation.[3] Indeed, individuals who continue to choose to drink and drive present a risk to the safety of others on the road. However, the trial court failed to connect its views of the danger defendant presented to the extent of the upward departure.

The trial court did generally explain that a sentence of zero to six months' incarceration was an appropriate sentence for a first or second offense OWI and that sentences higher than that

---

[3] Defendant contends that the trial court demonstrated bias against defendant by mentioning his immigration status and took it into consideration as a reason for an upward departure. However, our review of the record does not indicate that the trial court relied on defendant's immigration status in its consideration for an upward departure. Instead, the trial court mentioned the possibility of deportation at the sentencing hearing only in relation to the fact that the possibility of incarceration or deportation did not prevent defendant from drinking and driving.

were possible for those offenses. A recitation of the range of sentences generally possible for first and second offense OWIs does not, however, articulate reasons and circumstances of the offense and offender specific to this case to render the given sentence more proportional and reasonable than another sentence would have been. *Dixon-Bey I*, 321 Mich App at 525. Accordingly, the trial court did not articulate sufficient justification for the extent of the departure sentence imposed.

We therefore remand so that the trial court may fully articulate on the record its reasons for departing upward, its reasons why a particular sentence is proportional, or, alternatively, to exercise its discretion to resentence defendant. See *People v Babcock*, 469 Mich 247, 258-259; 666 NW2d 231 (2003).

We vacate defendant's sentence and remand for the trial court to articulate a basis for the upward departure or to resentence defendant. We retain jurisdiction.

/s/ Noah P. Hood
/s/ Colleen A. O'Brien
/s/ James Robert Redford

# Court of Appeals, State of Michigan

## ORDER

PEOPLE OF MI V MARIO JAVIER VELASQUEZ

Docket No.    368254

LC No.        2023-000463-FH

Noah P. Hood
Presiding Judge

Colleen A. O'Brien

James Robert Redford
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings.  We retain jurisdiction.  After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal.  Any challenges to the trial court's decisions on remand must be raised in this appeal.  Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal.  The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 56 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded.  As stated in the accompanying opinion, the trial court shall fully articulate on the record its reasons for departing upward, its reasons why a particular sentence is proportional, or, alternatively, to exercise its discretion to resentence defendant. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court.  Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 19, 2024
Date

Chief Clerk